439 A.2d 717

**Joseph J. CONRAD, Appellant,**

**v.**

**Emily L. CONRAD.**

Superior Court of Pennsylvania.

Argued April 23, 1981.

Filed Dec. 18, 1981.

John R. DeAngelis, Pittsburgh, for appellant.

June S. Schulberg, Pittsburgh, for appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM, BROSKY, DiSALLE, JOHNSON, MONTEMURO, POPO-VICH, SHERTZ and WIEAND, JJ.

**SPAETH, Judge:**

██ This is an appeal from an order granting an application that a pending action in divorce proceed under the Divorce Code of 1980[1] instead of the Divorce Act of 1929.[2] In *Toll v. Toll,* 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981), which is a case companion to this one and which is being filed today, we hold that an order granting such an application for transfer is interlocutory. However, unlike the lower court in *Toll,* here the lower court certified its order pursuant to 42 Pa.C.S.A. § 702(b), and we granted permission to appeal. This appeal is therefore properly before us. In *Gordon v. Gordon,* 293 Pa.Superior Ct. 491, 439 A.2d 683 (1981), which is another case companion to this one and which is also being filed today, we prescribe the procedure to be followed, and the factors to be considered, in ruling upon an application that a pending action proceed under the Divorce Code. Here the lower court ruled upon the application in the manner prescribed in *Gordon.* We therefore affirm.

Appellant and appellee were married in 1947 and have seven children. Appellant left appellee in July 1979, and in August 1979 he filed for divorce, claiming indignities. As of July 1, 1980, three master's hearings had been held and the record closed, but the master had not yet filed his report. Some time in July[3] appellee filed an application that the action proceed under the Divorce Code. On August 13 appellant filed a memorandum of law in opposition to appellee's application, and on September 3 appellee filed a brief in support of her application. On September 12 the lower court ordered the matter for argument before the court en

1. The Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

2. The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 *et seq.* (repealed).

3. The lower court's opinion says that appellee's application was filed on July 23, 1980, Slip op. at 2, from which we assume that on that day it was presented to the court. It was not filed of record with the prothonotary until March 12, 1981.

banc on September 23, and after argument, on November 24 entered its order granting the application. On December 19 the court certified its order pursuant to 42 Pa.C.S.A. § 702(b), and on March 12, 1981, at No. 1227 Miscellaneous Docket, we granted permission to appeal.

■ Section 103 of the Divorce Code of 1980 provides that "upon application granted," an action pending on the effective date of the Code, July 1, 1980, shall proceed under the Code instead of under the Divorce Law of 1929. In *Gordon v. Gordon, supra,* we prescribe the manner in which a court should rule upon such an application. If one party opposes the application, the court must ensure that that party has the opportunity to raise objections. *Id.,* 293 Pa.Super. at 506 n. 6, 439 A.2d at 690 n. 6. In ruling upon the objections, the court's range of discretion is extremely narrow, being limited to a consideration of whether granting the application will be consistent with the objectives described in section 102 of the Divorce Code.

> If granting the application will further those objectives, the court should grant the application; if granting the application will be inconsistent with those objectives, the court should deny the application.

*Id.,* 293 Pa.Super. at 506, 439 A.2d at 690. Also, we recognize in *Gordon* that when an application is filed at a late stage of the litigation, certain economic consequences may have ensued. We hold, however, that such consequences are not pertinent to the decision whether to grant the application, for if the application is granted, they may be taken into account in deciding upon equitable distribution and alimony. *Id.,* 293 Pa.Super. at 507, 439 A.2d at 690.

■ The record of this case discloses that appellant has had the opportunity to raise objections to the application. Before granting the application, the lower court, sitting en banc, received briefs and heard argument. The record further discloses—in particular, the lower court's opinion does— that the lower court exercised its limited discretion in keeping with the standard prescribed in *Gordon.* The court

recognized that in ruling upon the application, it was required to engage in an exercise of discretion: "For the reasons that follow we believe that the Court should exercise its discretion to permit [appellee] in the present case to amend her counterclaim to assert alimony and property distribution claims." Lower court slip op. at 5. The court proceeded to exercise its discretion by considering whether granting the application would further the objectives described in section 102(a) of the Code. Thus the court anticipated our decision in *Gordon*. The court noted that appellee had been a housewife for more than thirty years and was the mother of seven children. *Id.* at 8. The court properly rejected appellant's argument that it should consider the amount of time and money already expended, and the stage reached in the litigation. *Id.* at 6.

AFFIRMED.

POPOVICH, J., files a concurring statement.

WIEAND, J., files a dissenting opinion in which HESTER, J., joins.

SHERTZ, J., files a dissenting statement.

POPOVICH, Judge, concurring:

I join the majority's decision to affirm the trial court's granting of appellee's petition to proceed under the new Divorce Code. The Divorce Code, Act of April 2, 1980, P.L. 63, Act No. 26, 23 P.S. § 101 *et seq.* This writer, however, would grant *pro forma* a petition filed by either party to proceed under the new Code in pending suits, except in those cases in which a final decree has been entered below prior to the effective date of the new Code. See *Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683 (1981) (POPOVICH, J. Concurring Opinion).

WIEAND, Judge, dissenting:

For the reasons ably stated by Judge Shertz in his concurring and dissenting opinion in *Gordon v. Gordon*, 293 Pa.Superior Ct. 491, 439 A.2d 683 I am of the opinion that

appellee's application to proceed under the Divorce Code of 1980 required the exercise of a sound discretion by the trial court. This implies the necessity for a hearing. In the instant case, no such hearing was held. Therefore, I would remand for hearing consistent with Judge Shertz's concurring and dissenting opinion in *Gordon.*

SHERTZ, Judge, dissenting:

I dissent. The record in this case discloses that the lower court granted Appellee's application to proceed under the Divorce Code of 1980 solely on the basis of said application, the parties' briefs and oral argument. Appellee's application, in pertinent part, merely averred that Appellee was the defendant in a pending divorce action, that the Master's report had not yet been published and that defendant "desires the aforesaid matter be concluded under the Divorce Code, effective July 1, 1980." No hearing was held and no facts were placed on the record, by stipulation or otherwise, which would permit the court below to *properly* exercise its discretion, as this Court has held it must. *Gordon v. Gordon,* 293 Pa.Super.Ct. 491 at 510, 439 A.2d 683 at 692. I would therefore remand for a hearing consistent with the requirements set forth in my concurring and dissenting opinion in *Gordon v. Gordon.*