439 A.2d 712

**Robert I. TOLL, Appellant,**

v.

**Norma TOLL.**

Superior Court of Pennsylvania.

Argued April 23, 1981.

Filed Dec. 18, 1981.

Albert Momjian, Philadelphia, for appellant.

Parker W. Wilson, Norristown, for appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM, BROSKY, DiSALLE, JOHNSON, MONTEMURO, POPOVICH, SHERTZ and WIEAND, JJ.

SPAETH, Judge:

This case arises on two appeals, which have been consolidated. One appeal is from an order granting appellee's

application that appellant's pending action to divorce her should proceed under the Divorce Code of 1980.[1] The other appeal is from an order denying appellant's petition that the action should continue under the Divorce Law of 1929.[2] We have concluded that both orders are interlocutory and not appealable. The appeals will therefore be quashed.

Appellant filed his complaint in divorce on July 19, 1973. For various reasons, including a protracted battle over appellee's entitlement to support, the action was still pending on July 1, 1980, the effective date of the Divorce Code. On July 10, 1980, appellee filed an application to proceed under the Code. In the application she said that she wished to have the benefits of the Code with regard to no-fault divorce, equitable distribution, and alimony, and that granting the application would accomplish the objectives listed in section 102(a) of the Code. With no notice to appellant or opportunity to be heard, the lower court, by order dated July 11 and docketed on July 16, 1980, granted the application. Appeal Number 1962 is from that order.

On a date not reflected in the docket, but sometime after July 16, 1980, appellant filed a petition, with a rule to show cause, to have the action continue under the Divorce Law. Although not labeled as such, the petition was in effect a petition to strike the previously granted application for transfer. The lower court, by order dated July 23 and docketed July 29, 1980, denied the petition, also without providing appellant an opportunity to be heard.[3] Appeal Number 1963 is from that order.[4]

1. The Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

2. The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 *et seq.* (repealed).

3. In their opinions filed in support of the orders granting the application for transfer and refusing appellant's cross petition that the action continue under the old law, two different judges of the lower court took the position that no opportunity to be heard was required. This was error. In *Gordon v. Gordon,* 293 Pa.Superior Ct. 491, 439

4. See note 4 on page 553.

Appellee filed motions that both appeals be quashed as interlocutory. On February 20, 1981, we denied the motions, without prejudice to the parties' rights to brief and argue whether we had jurisdiction of the appeals.

In his Statement of Jurisdiction appellant recites that we have jurisdiction of both appeals pursuant to the section of the Judicial Code that gives us jurisdiction over appeals from "final orders" of courts of common pleas. 42 Pa.C.S.A. § 742. However, in the body of his brief appellant does not rest upon this statement. Instead, citing *Gurnick v. Government Employees Insurance Co.*, 278 Pa. Superior Ct. 437, 420 A.2d 620 (1980), he argues that even if the orders are interlocutory, we should, because of the importance of the issues presented, exercise a "broad discretionary power of review" to take jurisdiction of the appeals. Brief for Appellant at 18–19.

■ If the holding of *Gurnick* correctly stated our jurisdiction, appellant's argument that we should hear these appeals would have merit, for in *Gurnick* a panel of this court did hold that it had jurisdiction of an appeal from an interlocutory order where the issue was of "great importance" and a decision would provide "guidance" to the lower courts. *Id.* at 439, 420 A.2d at 621. However, for the reasons given by Judge HOFFMAN in his dissenting opinion in *Gurnick*, we have concluded that the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, as amended, 42 Pa.C.S.A. § 101 *et seq.*, does not give this court any such "broad discretionary power

A.2d 683 (1981), which is also being filed today, we hold that the court must exercise a degree of discretion, albeit very limited, in ruling on an application for transfer and that some opportunity to be heard is therefore required. *Id.*, 293 Pa.Super. at 506, n. 6, 439 A.2d at 690, n. 6.

4. Meanwhile, on July 22, 1980, the lower court had issued orders implementing the transfer of this action from the Divorce Law to the Divorce Code, one order permitting appellee to file an answer and counterclaim under the Code *nunc pro tunc*, and another order directing master's hearings on appellee's claims for equitable distribution and alimony. Appellant appealed the orders of July 22 at Numbers 1960 and 1961 Philadelphia 1980. On February 20, 1981, we quashed those appeals without prejudice to our further consideration of Appeals Numbers 1962 and 1963, which are now before us.

of review." Only the Supreme Court has such power. *Id.* § 726. *Gurnick* is therefore overruled.

■ This court does have discretionary power to hear an appeal of an interlocutory order that has been certified by the lower court as presenting a "controlling question of law as to which there is substantial ground for difference of opinion and [where] an immediate appeal from the order may materially advance the ultimate determination of the matter[.]" *Id.* § 702(b). Here, however, the lower court did not certify either of the orders in question. If a lower court refuses to certify an interlocutory order,[5] the refusal may be tested by means of a petition for review, which if granted permits us to consider the merits of the underlying appeal. *Id.* § 704 Official Source Note; Pa.R.A.P. 1311 Note. Notwithstanding the lack of orders refusing certification,[6] appellant did file a petition for review. On February 20, 1981, at No. 173 Miscellaneous Docket No. 12, however, we denied the petition.

It is therefore evident that if the lower court's orders are indeed interlocutory, we have no jurisdiction of these appeals.

We are sympathetic to appellant's plea that the issues raised by his appeals are of great importance, and that a decision on them will "give guidance to the lower courts and the entire bar . . ." Brief for Appellant at 19. We believe, however, or in any event, we hope, that our decision on other appeals, which arise in cases companion to appellant's and which we have also filed today, *Gordon v. Gordon*, 293 Pa.Superior Ct. 491, 439 A.2d 683 (1981); *Conrad v. Conrad*, 293 Pa.Superior Ct. 558, 439 A.2d 717 (1981), provide the needed guidance. In addition, it may be noted, part of that guidance is provided by our decision here, for it is important

---

**5.** Appellee tells us that appellant "informally requested . . . certification by letter [to the lower court] dated August 4, 1980," but that "by letter to counsel dated August 12, 1980 [the court] declined to certify the orders." Brief for Appellee at 8 n.1. However, no order of refusal appears on the docket.

**6.** *See* note 5, *supra*.

to establish whether an order granting an application that a pending action proceed under the Divorce Code is, or is not, appealable.

■■■ We are also sympathetic to appellant for relying on *Gurnick.* However, we cannot permit that sympathy to affect our judgment. We have no power to enlarge our jurisdiction, which as provided by the Constitution, Article 5, Section 3, is fixed by the legislature, 42 Pa.C.S.A. §§ 702, 704, 708, 741–742. Whenever, and however, it appears that we lack jurisdiction of an appeal, we must quash the appeal. *Mitchell v. Center City Cadillac,* 287 Pa.Superior Ct. 350, 430 A.2d 321 (1981); *Giannini v. Foy,* 279 Pa.Superior Ct. 553, 421 A.2d 338 (1980).

As we have indicated, appellant initially believed—at least so his Statement of Jurisdiction suggests—that the lower court's orders are not interlocutory but are final orders. If the orders are final, then we have jurisdiction of these appeals.

■ "The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *Bell v. Beneficial Consumer Discount Company,* 465 Pa. 225, 228, 348 A.2d 734, 735 (1975). If the practical effect of an order is to put an appellant out of court by precluding him from presenting the merits of his claim, the order is appealable. *Pugar v. Greco,* 483 Pa. 68, 394 A.2d 542 (1978); *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977). In one of the cases companion to this one, *Gordon v. Gordon, supra,* we applied these principles to an order *denying* an application that a pending action proceed under the Divorce Code. We held that the order was appealable because its effect was to put the appellant out of court as far as any affirmative case of her own was concerned. While she remained in court to defend against her husband's claims that she had committed indignities and that he was an innocent and injured spouse, she was prevented from presenting her own claims under the Divorce Code for equitable distribution and alimony. We reasoned that in

these circumstances she was in the same position as the appellant in *T.C.R. Realty, Inc. v. Cox, supra,* who remained in court to defend against a counterclaim but whose entire case-in-chief had been dismissed by the lower court.

■ When these same principles are applied to the orders here, which *granted* an application that a pending action proceed under the Divorce Code, it is clear that neither party is prevented by the transfer from presenting any claims or defenses that could have been presented under the Divorce Law. Appellant's claim that he is entitled to a divorce because of appellee's marital misconduct remains cognizable under section 201(a) of the Divorce Code. The only effect of the transfer is to *add* issues to the action, not to foreclose any. It is therefore evident that the orders here are not final orders.

■ Consistent with, and confirming, this conclusion is the fact that an order granting an application that a pending action proceed under the Divorce Code makes available the protection provided by section 403 of the Code against dissipation of marital property. Thus the order avoids inflicting any irreparable harm, in contrast with an order denying an application, which leaves what might later be determined to be marital property unprotected. As the possibility of irreparable harm indicates finality, so the absence of irreparable harm indicates lack of finality. *Pugar v. Greco, supra; Gordon v. Gordon, supra.*

■ No surprise should arise from our conclusion that an order *denying* an application that an action proceed under the Divorce Code is immediately appealable as a final order, *see Gordon v. Gordon, supra,* while an order *granting* such an application is not. Our practice has many examples of the appealability of an order being dependent on which way the lower court has ruled. Lower court orders granting preliminary objections, motions to suppress, or motions for summary judgment, may, depending on their scope, be appealable; orders denying the same motions are not appeala-

ble. *See, e.g., Brandywine Area Joint School Authority v. VanCor, Inc.,* 426 Pa. 448, 233 A.2d 240 (1967).

The appeals are quashed.

WIEAND, J., files a concurring opinion in which HESTER, J., joins.

SHERTZ, J., files a concurring statement.

DiSALLE, J., notes dissent.

WIEAND, Judge, concurring:

I concur with the majority that the order appealed from is interlocutory and that the instant appeal, therefore, must be quashed. However, I am unable to accept the double standard by which the majority determines that an order denying a wife's application to proceed under the Divorce Code of 1980 is final and appealable, while an order granting such an application is interlocutory and not appealable by the husband. In my judgment, both orders are interlocutory. Neither order constitutes a "final determination" of the marriage relationship; neither represents a "final determination" of the property rights between the parties; neither puts a party "out of court." The order is no more than a preliminary determination that one law or the other shall be applied in adjudicating the rights of the parties. Such an order, in my judgment, is interlocutory, and an appeal therefrom will not lie.

HESTER, J., joins in this concurring opinion.

SHERTZ, Judge, concurring:

For the reasons set forth in my concurring and dissenting opinion in *Gordon v. Gordon,* 293 Pa.Super.Ct. 491, 439 A.2d 683, J. 858/81 filed, I believe that the court below erred in failing to conduct a hearing on Appellee's application to proceed under the Divorce Code of 1980. However, inasmuch as both orders appealed from are interlocutory, I agree that these consolidated appeals must be quashed, although I am unable to join in the majority opinion due to its refer-

558

ences to, and reliance upon, *Gordon v. Gordon*, 293 Pa.Super.Ct. ——, 439 A.2d 683, J. 858/81. I therefore concur in the result.