442 A.2d 261

**John R. KASKIE, Sr.**

v.

**Helen S. KASKIE, Appellant.**

Superior Court of Pennsylvania.

Argued April 29, 1981.

Filed Feb. 19, 1982.

Robert L. Ceisler, Washington, for appellant.

Charles E. Kurowski, Canonsburg, for appellee.

Before CERCONE, President Judge, and BROSKY and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from an order foreclosing appellant's claims under the Divorce Code of 1980 (Divorce Code).[1] For the reasons that follow, we reverse and remand for proceedings consistent with this opinion.

■ This action was commenced under the Divorce Law of 1929 (Divorce Law),[2] and was pending on July 1, 1980, the effective date of the Divorce Code. On July 30, 1980, without obtaining appellee's consent or leave of court, see Pa.R.Civ.P. 1033, appellant filed a counterclaim asserting, for the first time, claims for alimony and equitable distribution of marital property cognizable only under the Divorce Code. Appellee subsequently filed preliminary objections attacking the procedural propriety of appellant's counterclaim. The lower court sustained appellee's preliminary objections and dismissed appellant's counterclaim, prompting this appeal.[3]

1. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 et seq.

2. Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 et seq. (repealed).

3. This appeal, docketed at No. 1026 Pittsburgh, 1980, is properly before this Court. An order sustaining preliminary objections and dismissing a counterclaim is appealable. Commonwealth v. Orsatti, Inc., 448 Pa. 72, 292 A.2d 313 (1972). See also 2 Goodrich-Amram 2d §§ 1028(e):3, 1031(a):4 (1976). Moreover in Gordon v. Gordon, 293 Pa.Superior Ct. 491, 439 A.2d 683 (1981), we held that an order denying an application to proceed under the Divorce Code is a final and appealable order.

Subsequent to taking this appeal, appellant filed a belated application to proceed under the Divorce Code and appellee filed a petition to strike her application. The court below granted appellee's petition and "dismissed [the application] for want of jurisdiction. Pa.R.A.P. 1701(a)." Appellant appealed that order at No. 1284 Pittsburgh, 1980. Later, this Court consolidated her appeals. Because of our

■ Appellant contends that the lower court erred in failing to consider her counterclaim as an application to proceed under the Divorce Code. "Section 103 of the Divorce Code of 1980 provides that 'upon application granted,' an action pending on the effective date of the Code, July 1, 1980, shall proceed under the Code instead of under the Divorce Law of 1929." *Conrad v. Conrad*, 293 Pa.Superior Ct. 558, 561, 439 A.2d 717, 718 (1981). *See also Gordon v. Gordon*, 293 Pa.Superior Ct. 491, 439 A.2d 683 (1981); *Toll v. Toll*, 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981). In sustaining appellee's preliminary objection, the lower court reasoned that an "application" was required to effectuate a transfer from the Divorce Law to the Divorce Code and that appellant's counterclaim was not an "application" within the legislative intendment. While the lower court's analysis comports with the language of section 103, our limited experience with the provision has disclosed a variety of methods triggering transfer of pending cases to the Divorce Code. For example, as contemplated by the court below and the parties in *Gordon* and *Toll*, a spouse could seek the benefits of the provisions of the Divorce Code by filing a *formal* petition or application to instigate the transfer. *Gordon v. Gordon, supra* 293 Pa.Super. at 497, 439 A.2d at 685; *Toll v. Toll, supra* 293 Pa.Super. at 554, 439 A.2d at 714; *Conrad v. Conrad, supra* 293 Pa.Super. at 561, 439 A.2d at 718. A spouse could also attempt a transfer by seeking leave to file an amended answer and counterclaim *nunc pro tunc. See, e.g., Toll v. Toll, supra* 293 Pa.Super. at 553 n.4, 439 A.2d at 714 n.4. *See generally* Pa.R.Civ.P. 1033; 2 Goodrich-Amram 2d §§ 1031(a):2, 1033:7, 1033:8 (1976) (defendant may seek leave to amend answer to assert counterclaim accruing after date of filing original answer). Or, as has occurred in Philadelphia County, a spouse could initiate a transfer upon praecipe. *See, e.g., Gordon v. Gordon, supra* 293 Pa.Super. at 554 n.6, 439 A.2d at 690 n.6. There may still be other permutations of procedure that have, as yet,

disposition of No. 1026, we need not address the issues raised in the appeal at No. 1284. Accordingly, we dismiss the latter appeal as moot. See *Gordon v. Gordon, supra.*

escaped appellate review. Considering the uncertainty that existed before the filing of our opinions in *Gordon, Toll,* and *Conrad* on December 18, 1981, it would be unfair to debar appellant because of a procedural irregularity in her attempt to effectuate a transfer of this case to the Divorce Code. *Cf. Balush v. Borough of Norristown,* 292 Pa.Superior Ct. 416, 421, 437 A.2d 453, 455 (1981) (uncertainty concerning pleading of no-fault threshold before *Bond v. Gallen,* 292 Pa.Superior Ct. 207, 437 A.2d 7 (1981)); *Jones v. State Automobile Insurance Association,* Pa.Superior Ct. slip op. at 1–2 (J. 1553/1980, filed October 30, 1981) (uncertainty concerning commencement of no-fault cases by petition and rule before *Floczak v. Nationwide Insurance Co.,* 289 Pa.Superior Ct. 438, 433 A.2d 885 (1981)). Accordingly, we hold that the lower court should have considered appellant's counterclaim as an application to transfer this case to the Divorce Code. Appellee is not prejudiced by our determination because the filing of the counterclaim, though technically inappropriate, should have sufficed to provide him with adequate notice of appellant's desire to resort to the Divorce Code. If appellee objects to a transfer of this case to the Divorce Code, he must be given an opportunity to be heard. *Gordon v. Gordon, supra* 293 Pa.Super. at 554 n.6, 439 A.2d at 690 n.6; *Toll v. Toll, supra* 293 Pa.Super. at 552 n.3, 439 A.2d at 714 n.3; *Conrad v. Conrad, supra* 293 Pa.Super. at 560, 439 A.2d at 718.

> In ruling upon the objections, the court's range of discretion [will be] extremely narrow, being limited to a consideration of whether granting the application will be consistent with the objectives described in section 102 of the Divorce Code.
>
> > If granting the application will further those objectives, the court should grant the application; if granting the application will be inconsistent with those objectives, the court should deny the application.
> >
> > [*Gordon v. Gordon, supra*] 293 Pa.Super. at 554, 439 A.2d at 690.

*Conrad v. Conrad, supra* 293 Pa.Super. at 561, 439 A.2d at 718.

Order reversed and case remanded for proceedings consistent with this opinion.