442 A.2d 311

**Thomas P. BRUNO, Appellant,**

v.

**Linda DeMurray BRUNO.**

Superior Court of Pennsylvania.

Argued Oct. 26, 1981.

Filed March 5, 1982.

David F. Pollock, Waynesburg, for appellant.

Steven R. Wolf, Canonsburg, for appellee.

Before SPAETH, HESTER and JOHNSON, JJ.

SPAETH, Judge:

This appeal is from an order granting an application that a pending action in divorce proceed under the Divorce Code, Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 et seq. Such an order is an unappealable interlocutory order. We therefore quash.

On March 6, 1980, appellant filed a complaint in divorce under the then-in-effect Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 et seq. (repealed). The Divorce Code became effective on July 1, 1980, and on July 8, 1980, appellee filed an application that the action proceed under the Code. After briefs and argument, the lower court granted the application. This appeal followed.

Neither party has raised the question of whether the lower court's order is an appealable order. However, because it goes to our jurisdiction it is a question that we must always consider, sua sponte if necessary. Evans v. Government Employees Ins. Co., 291 Pa.Superior Ct. 342, 435 A.2d 1258 (1981).

In Toll v. Toll, 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981), this court, sitting en banc, considered the nature of an order granting an application that a pending action in divorce proceed under the Divorce Code of 1980 instead of the Divorce Law of 1929. We held that such an order is not a final order because under the Divorce Code neither party is prevented from presenting any claims or defenses that could have been presented under the Divorce Law. Id. The order is thus to be contrasted with an order denying an application for transfer, which is a final order because its effect is to preclude presentation of claims, particularly those for alimony and equitable distribution, which can be made only under the Code. Gordon v. Gordon, 293 Pa.Superior Ct. 491, 439 A.2d 683 (1981). See also, Conrad v. Conrad, 293 Pa.Superior Ct. 558, 439 A.2d 717 (1981).

The appeal is quashed.