442 A.2d 828

**Judith K. GARBART**

v.

**James GARBART, Appellant.**

Superior Court of Pennsylvania.

Argued Nov. 10, 1981.

Filed March 12, 1982.

Neil J. Marcus, Monongahela, for appellant.

James W. Haines, Jr., Monongahela, submitted a brief on behalf of appellee.

Before BECK, JOHNSON and POPOVICH, JJ.

PER CURIAM:

This is an appeal from the lower court's Order dated July 22, 1980, making absolute Appellee's Rule to Show Cause why this divorce case should not proceed under the Divorce Code.[1] Appellant alleges, *inter alia*, that the lower court erred by making this Rule absolute, because the same court had two days previously issued a "Special Decree" in divorce under the Divorce Law of 1929.[2]

Although not raised by either party, we shall address the issue of jurisdiction *sua sponte.*

An order granting an application that a pending divorce action proceed under the Divorce Code is not a final order and is therefore interlocutory. *Toll v. Toll,* 293 Pa.Super.Ct. 549, 439 A.2d 712 (1981).

This appeal must therefore be quashed.

1. Act of 1980, April 2, P.L. 63, No. 26, eff. July 1, 1980, 23 P.S. § 101 *et seq.*

2. We note our concern in reference to the factual situation in this case. The lower court issued a "Special Decree" in divorce under the Divorce Law of 1929 on July 19, 1980, the day the Master's Report was filed. This was in violation of Washington County Local Rules of Court L–1123 e. (xi)(k) which requires notice be given to the parties and an opportunity for the parties to file exceptions to the Report. We are unable to conclude why the lower court then granted Appellee's application to proceed under the Divorce Code if the divorce decree was meant to be a *final* order, as the language in the decree indicates. However, because this court lacks jurisdiction, we are unable to consider this appeal on the merits.