442 A.2d 1172

**George MILLER**

v.

**Joan A. MILLER, Appellant.**

Superior Court of Pennsylvania.

Argued April 23, 1981.

Filed March 19, 1982.

Petition for Allowance of Appeal Denied July 9, 1982.

Kenneth R. Williams, Doylestown, for appellant.

Terry W. Clemons, Cornwell Heights, for appellee.

Before CERCONE, President Judge, and PRICE, SPAETH, HESTER, CAVANAUGH, WICKERSHAM, BROSKY, WIEAND, JOHNSON, MONTEMURO, POPO-VICH, DiSALLE and SHERTZ, JJ.

CAVANAUGH, Judge:

Defendant, Joan Miller, appeals the lower court's order denying her petition to transfer the action under the Divorce Code of 1980. For the reasons which follow we remand the case to the lower court.

Plaintiff, George Miller, filed a complaint in divorce against his wife in January, 1979. Various motions and petitions were filed by the parties thereafter. However, on July 24, 1980, before a master's hearing had been scheduled, the wife filed a petition to transfer the action under the Divorce Code of 1980. The husband filed an answer and new matter in response to the wife's petition. The lower court denied the petition to transfer and this appeal followed.

■ In its opinion the lower court asserts that the instant appeal is interlocutory. In *Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683 (1981), a majority of this court held that an appeal from an order denying a petition to transfer under the Divorce Code of 1980 is immediately appealable. Hence, the instant case is properly before us.

In denying the petition to transfer the lower court held that it had wide discretion to deny the petition. Lower court opinion at 4. Moreover, the reason the court denied the petition was that the husband would suffer hardship if the petition was granted. *Id.* at 3. In the lower court's opinion a wife's petition to transfer should be denied:

in a situation where if she had acted in good faith toward her spouse and had not persisted in delaying resolution of their marital difficulties, all proceedings would have been, and should have been, brought to conclusion by the time the new law became effective.

*Id.* at 5.

The lower court's reasoning was erroneous. In *Gordon v. Gordon, supra,* a majority of this court stated that "the range of discretion is extremely narrow, being limited to a consideration of whether granting the application [to proceed under the Divorce Code of 1980] will be consistent with the objectives described in Section 102 of the Divorce Code." *Gordon v. Gordon, supra,* 293 Pa.Superior Ct. 491, 439 A.2d 683. Thus the lower court's holding that it had wide discretion was erroneous. Moreover, its reliance on the hardship suffered by the husband if the petition would be granted was also erroneous; instead the lower court should have considered whether granting the petition would be consistent with the provisions of Section 102 of the Divorce Code, 23 P.S. § 102.

Based on the record before us it appears that granting the petition would be consistent with the objectives of Section 102 of the Divorce Code.[1] However, we realize that the parties and the court below did not have the benefit of the *Gordon* opinion when the court denied the wife's petition. The transfer issue should be reconsidered in light of the *Gordon* principles.

Furthermore, since the lower court denied the petition to transfer the action under the Divorce Code of 1980, it did not consider the husband's argument that the Divorce Code was unconstitutional. Thus we do not have the benefit of a complete record with the lower court's views of the constitu-

1. We recognize that because of the stage of the litigation at which the petition was filed certain economic consequences may have ensued. However, as we noted in *Gordon v. Gordon, supra,* such consequences can be taken into account in determining the husband's economic circumstances if equitable distribution is ordered or alimony is awarded. *Gordon v. Gordon, supra,* 293 Pa.Superior Ct. 491, 439 A.2d 683.

tional issue. Moreover, we note that the constitutional question is presently before the Pennsylvania Supreme Court in two cases in which the issue was fully developed and considered by the lower court; *Bank v. Bank*, No. 81–3–479 and *Bacchetta v. Bacchetta*, No. 81–3–411. Under these circumstances we decline to reach the constitutional issue.

Order vacated. Case remanded for reconsideration of the wife's petition and for consideration of the husband's constitutional argument and further development of the record if necessary. We do not retain jurisdiction.

WIEAND, J., files dissenting opinion in which HESTER, J., joins.

POPOVICH, J., files dissenting statement.

SHERTZ and DiSALLE, JJ., did not participate in the consideration or decision of this case.

WIEAND, Judge, dissenting:

For reasons appearing in my concurring opinion in *Toll v. Toll*, 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981), and my dissenting opinion in *Gordon v. Gordon*, 293 Pa.Superior Ct. 491, 439 A.2d 683 (1981), I am of the opinion that the order appealed is interlocutory. Therefore, I would quash the appeal.

HESTER, J., joins in this dissenting opinion.

POPOVICH, Judge, dissenting:

I would reverse the court's Order for the reason that appellant's application to proceed under the new Divorce Code should be granted as of right. The Divorce Code, Act of April 2, 1980, P.L. 63, Act No. 26, 23 P.S. § 101 *et seq.* *See Gordon v. Gordon*, 293 Pa.Super. 491, 535–36, 439 A.2d 683, 704 (1981) (Popovich, J., Concurring Opinion).