445 A.2d 792

**Sharon L. FISHER**

v.

**Raymond L. FISHER, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 8, 1982.

Filed May 14, 1982.

Raymond L. Fisher, appellant, in pro. per.

Neil Jay Marcus, Monongahela, for appellee.

Before BROSKY, CIRILLO and POPOVICH, JJ.

BROSKY, Judge.

The instant appeal is interlocutory and therefore is quashed. This is a divorce case in which the trial court vacated a decree in divorce, which it had previously entered, and granted Sharon L. Fisher's application to proceed under the Divorce Code of 1980.[1] Raymond L. Fisher contends that the trial court erred in holding that a final decree in divorce would have been ordered under the Divorce Law of 1929[2] had it not permitted Sharon L. Fisher to proceed under the Divorce Code and that the court improperly granted Sharon L. Fisher's application to proceed under the Divorce Code.

First, we note that there is no final decree in divorce entered in the instant case. As such, there is no order from which Raymond L. Fisher has appealed. Thus, he cannot raise now any issue concerning the divorce decree entered

1. The Divorce Code, Act of April 2, 1980, P.L.63, No. 26, 23 P.S. § 101 *et seq.*

2. The Divorce Law, Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 *et seq.* (repealed).

and subsequently vacated in the court below. Pa.R.A.P. 301 *et seq.*[3]

We have very recently held that an appeal from the granting of an application to proceed under the Divorce Code is interlocutory. *Toll v. Toll*, 293 Pa.Super. 549, 439 A.2d 712 (1981). Furthermore, there is no claim by Raymond L. Fisher that the lower court certified its order pursuant to 42 Pa.C.S.A. § 702(b). *Conrad v. Conrad*, 293 Pa.Super. 558, 439 A.2d 717 (1981). Accordingly, this appeal is not properly before us. The appeal is quashed.

---

**3.** We note that under Pa.R.A.P. 311(a)(1) that an order vacating a judgment is interlocutory but may be appealed from as a matter of right. However, Raymond L. Fisher does not claim to appeal from the vacation of the order granting a divorce decree, rather, he appeals from the merits of the vacated order which granted a divorce under the Divorce Act. Clearly, such an appeal is interlocutory.