446 A.2d 618

**Bonnie L. MARKS, Appellant,**

v.

**Harold J. MARKS.**

Superior Court of Pennsylvania.

Argued May 5, 1982.

Filed June 4, 1982.

Lynn Erickson Ober, Reading, for appellant.

Frank Robert Cori, Orwigsburg, for appellee.

Before SPAETH, ROWLEY and CIRILLO, JJ.

SPAETH, Judge:

This appeal is from an order denying appellant's application that her divorce action proceed under the provisions of the Divorce Code.[1]

Appellant is the plaintiff in the divorce action. The action was filed October 3, 1979, under the Divorce Law,[2] and was still pending on July 1, 1980, the effective date of the Code. At the time appellant filed her application that the action proceed under the Code, a master's report recommending that the divorce be granted had already been filed, and although appellee had filed exceptions to the report, they had been withdrawn. In the opinion that accompanied its order denying appellant's application the lower court said,

1. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S. § 101 *et seq.*

2. Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 *et seq.* (repealed).

"Except for the pending petition [application], the case is ready for entry of a final decree." Appellant argues, in effect, that the lower court thus indicated that it had decided to accept the master's report and grant the divorce, and that from that it follows that the order denying her application is a final order for it disposed of the only remaining issues—her right to equitable distribution.

We can understand why appellant takes this position. In its opinion the lower court states that there is no marital property subject to equitable distribution. We note that the court does not discuss appellant's testimony at the hearing on her application that the real property that appellee owned prior to the marriage had been improved during the marriage by construction of a house, and that she had both contributed funds for building the house and had joined in the mortgage obtained in connection with building the house. We also note that the court does not discuss appellant's testimony that a purported division of marital personal property was made under duress. Even so, from the face of the opinion it might appear that the issues of whether there was marital property, and if so, whether there should be equitable distribution, had been decided.

It is clear nevertheless that the lower court did not, and could not, decide the issues of marital property and equitable distribution. As an appellate court we are limited to reviewing the order entered by the lower court. Here that order simply, and only, denied appellant's application that her divorce action proceed under the Divorce Code. Since the lower court denied the application, the action could not proceed under the Divorce Code, which is to say, the action remained an action under the Divorce Law. Under the Divorce Law the lower court had no power to make any decisions regarding marital property and equitable distribution. The court's statements in its opinion regarding those matters are therefore of no effect.

It follows that the only issue before us is whether the lower court acted properly in denying appellant's application that her divorce action proceed under the Divorce Code. We

cannot, however, decide this issue, for the lower court's order is interlocutory.

We have already considered the appealability of an order denying an application that an action proceed under the Divorce Code. *Gordon v. Gordon*, 293 Pa. Superior Ct. 491, 439 A.2d 683 (1981). In *Gordon* the applicant was the defendant. We held that the order denying the application was appealable. We noted the argument that the order should be found to be interlocutory because, the divorce action not having been concluded, the defendant remained in court. However, the defendant remained in court only to defend against the plaintiff's case; she was precluded from presenting any case of her own. We reasoned that she was therefore in the same position as the appellant in *T. C. R. Realty, Inc. v. Cox*, 472 Pa. 331, 372 A.2d 721 (1977), where the Supreme Court held that a plaintiff whose entire case-in-chief had been dismissed but who was still required to defend against a counter-claim was sufficiently out-of-court that an appeal would lie. Accordingly, we held the order in *Gordon* appealable.

In this case the party filing the application that the action proceed under the Divorce Code is not the defendant, as in *Gordon*, but the plaintiff. The order denying the application therefore cannot be said to have put the plaintiff (appellant) out of court in any sense, even in the "sufficiently out-of-court" sense of *T. C. R. Realty*.

We may make this clearer if we suppose that the facts of this case were slightly different. Suppose that the master's report recommending a divorce had been filed and that exceptions to it were pending, and that then the lower court had denied the plaintiff's (appellant's) application that the action proceed under the Code. Plainly, an appeal from that order would be interlocutory: the plaintiff would still be in court, and for all we knew, the defendant's exceptions might be sustained, with the result that no divorce would be granted. We would therefore quash the appeal, and leave the issues of entitlement to divorce and to equitable distribution to such appeal as might be taken from the final decree,

either a decree granting a divorce or a decree denying a divorce. That is what we must do here. For whether an order denying a plaintiff's application happens to be entered before or after a master's report or exceptions to a master's report is of no consequence. What is of consequence is whether the applicant-appellant is either out of court entirely or at least sufficiently out of court.

The gist of appellant's argument is that because the exceptions to the master's report have been withdrawn we should treat the record *as though* she were entirely out of court, in other words *as though* a final decree granting a divorce *had* been entered. This argument assumes that entry of a final decree is a mere "ministerial act." We cannot accept this argument. Indeed, we have already rejected it. The entry of a final decree is not a mere ministerial act but is rather an exercise of judicial authority and responsibility. *Aloi v. Aloi*, 290 Pa. Superior Ct. 125, 434 A.2d 161 (1981) (quashing an appeal taken after dismissal of exceptions to a master's report recommending a divorce but before entry of a final decree). Because appellant is in no sense out of court, her appeal is interlocutory and we have no choice but to quash it. *Toll v. Toll*, 293 Pa. Superior Ct. 549, 439 A.2d 712 (1981).[3]

We do not believe, however, that this should end our consideration. The lower court gave as its reason for denying appellant's application that the application was not verified as required by Pa.R.C.P. 206. There is no requirement in the Divorce Code or in the Pennsylvania Rules of Civil Procedure that an application that an action proceed under the Divorce Code be presented by means of a verified petition; the Code and the Rules are silent on the matter. In the face of this silence various approaches have been adopted by courts and counsel throughout the Common-

**3.** Although we have determined that this appeal is interlocutory, once it was taken the lower court lost its jurisdiction over the case and therefore its power to proceed further. Pa.R.A.P. 1701. A divorce decree entered subsequent to the filing of an appeal is void. *Gordon v. Gordon, supra; Aloi v. Aloi, supra.* Until a valid final decree has been entered, a pending action is subject to possible transfer for decision under the Divorce Code.

wealth. If it is the position of the lower court that in Schuylkill County an application must be by verified petition, we expect that when this record is returned to the lower court, the court will permit appellant to file another application in the appropriate form. To deny appellant even the opportunity for a hearing because of a failure to comply with a technical requirement of procedure in an area where the procedure itself was highly uncertain would be contrary to the legislative intent as expressed in Divorce Code. *See Gordon v. Gordon, supra.*

We further note that should appellant present another application, the lower court in considering it will have the benefit of our opinions in *Miller v. Miller*, 296 Pa. Superior Ct. 519, 442 A.2d 1172 (1982); *Gordon v. Gordon, supra; Toll v. Toll, supra* ; and *Conrad v. Conrad*, 293 Pa. Superior Ct. 558, 439 A.2d 717 (1981). In these cases this court sitting en banc held that a lower court has only a very limited discretion in considering an application that a divorce action proceed under the Divorce Code, and that in almost all cases, the proper response is to grant the application.

Quashed.