446 A.2d 963

**George J. LASCO, Appellant,**

v.

**Linda L. LASCO.**

Superior Court of Pennsylvania.

Argued Feb. 22, 1982.

Filed June 11, 1982.

Stuart Marc Golant, Towanda, for appellant.

David B. Keeffe, Bradford, for appellee.

Before CAVANAUGH, McEWEN and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's disposition of appellant's petition to modify alimony *pendente lite* and counsel fees. Because we find that the lower court has not yet ruled on the merits of appellant's petition, we quash this appeal and remand for proceedings consistent with this opinion.

On October 25, 1979, appellee filed a complaint in divorce against appellant, who then filed an answer and "counter-complaint." Although appellee subsequently withdrew her complaint, appellant maintained his "countercomplaint." On November 29, 1979 appellee petitioned for alimony *pendente lite* and counsel fees, which were granted on January 15, 1980. After several subsequent hearings, the lower court denied the divorce on June 30, 1980. Appellant has separately appealed that ruling to this Court. Facing increased counsel fees in defending the appeal of the divorce denial, appellee petitioned the lower court to increase her alimony *pendente lite* and counsel fees. Appellant answered and petitioned the court to lower his payments because his financial resources had declined drastically. On December 23, 1980, the lower court ruled on several outstanding motions and petitions, but postponed a decision on the alimony *pendente lite* and counsel fee modification petitions until it could obtain more evidence on the allegation that appellant had fraudulently transferred property to give the appearance that he could no longer afford to make his current payments. Appellant filed exceptions to the lower court order alleging, *inter alia*, that the lower court erred in postponing its decision. The lower court then recused itself, and another judge was assigned to the case. Following a hearing, the court issued an order dismissing, *inter alia*, "the petition for reconsideration of the Order of Court of December 23, 1980 fixing the amount of alimony pendente lite and counsel fee." This appeal followed.

Appellant contends that the lower court erred in not granting his petition to modify alimony *pendente lite* and counsel fees. We are unable to address appellant's contention, however, because the lower court has failed to rule on the merits of the petition. The December 23, 1980 order merely postponed decision on both modification petitions. The subsequent order issued by a different judge reaffirmed the December 23 order. By so doing, however, the lower court did nothing more than continue to postpone a final

determination of appellant's petition.* Thus, there has yet to be a decision on the merits of appellant's petition and therefore, no final appealable order for this Court to review. *See Toll v. Toll,* 293 Pa.Superior Ct. 549, 439 A.2d 712 (1981) (order not final unless appellant precluded from presenting claim on the merits). Accordingly, we must quash the appeal as premature and remand the matter to the lower court for proceedings consistent with this opinion.

So ordered.

---

\* Contrary to the lower court's assertion in its subsequent order, the December 23 order did not set alimony *pendente lite* and counsel fees for the period after appellant's appeal of the divorce denial.