## Louwerse v. Louwerse

*Rosamond A. Presby,* assistant district attorney, for the plaintiff.

*Richard L. Orwig,* for defendant.

WALTER, *J.,* September 6, 1985—This case comes before us pursuant to exceptions filed by plaintiff, Linda M. Louwerse, from the findings and recommendations of hearing officer, Samuel A. Kline, Esq. After extensive testimony, cross examination and documentary evidence the hearing officer dismissed the petition because plaintiff failed to show a substantial change in circumstances since a prior adjudication by this court on May 18, 1983. Plaintiff excepts on the grounds that the hearing officer abused his discretion by not considering evidence of the family's changed circumstances since February 23, 1977. Plaintiff further contends that the hearing officer abused his discretion by not making any findings with respect to the needs of the children.

Defendant would have us uphold the hearing officer's conclusions or, in the alternative, dismiss the petition for lack of proper verification of our Rules of Civil Procedure 42 Pa.C.S. §6751. We choose to do the latter.

Plaintiff testified at the hearing that she signed blank pages at the Dauphin County Courthouse which were later filled in by courthouse employees and that the affidavit on the last page was written and signed prior to someone typing the information on the sheet. Viewed by themselves those statements are not all that bad. For if the information produced there was accurate it could still form the basis for plaintiff's cause of action, given no harm nor prejudice to the opponent. But at the hearing Plaintiff testified that she had not, in fact, read the petition nor could or did she verify its truthfulness. On cross-examination she even admitted that one part of it was not true.

Defendant made a timely motion to dismiss the petition based on the lack of verification. Plaintiff countered with a defense of the petition on the grounds that:

1. This is the accepted procedure in Dauphin County and should be accepted by the hearing officer here.

2. Dauphin County procedures should not prejudice the rights of plaintiff.

3. The petition was in conformity with the Uniform Reciprocal Enforcement of Support Act.

The hearing officer delayed a ruling on the motion pending the close of plaintiff's case.

At the end of the hearing defendant again moved for dismissal. The hearing officer did not rule on the motion, but instead found for defendant on the merits, making a ruling unnecessary in his thoughts. Which brings us to this appeal.

The Uniform Reciprocal Enforcement of Support Act has been adopted by our legislature and can be found at 42 Pa.C.S. §6700 et seq. section 6751 concerns petitions for support and states on its opening sentence:

"The petition shall be verified . . . ."

Verification is required for all[*] petitions under our rules Pa.R.C.P. 206. The word "verified" is defined by Pa.R.C.P. 76 as meaning, inter alia, "supported by oath or affirmation." Instantly, plaintiff was told by the employees at the Dauphin County Courthouse to sign the blank pages and write out the affirmation on the last page, and that they would later fill in the information as plaintiff had given it to them. We find this practice shocking! It provides as firm a foundation for a valid verification as a mess of wet pasta does for a skyscraper!

On, we understand this sort of activity is followed indiscriminately in the business world. Affidavits are signed in blank in connection with car titles and bank loans. Acknowledgements for deeds are signed by the grantors before the appropriate information pertaining to parties and description is filled in, and not in the presence of a notary public. No doubt some lawyers occasionally prepare a complaint or petition on the basis of notes taken during the client interview, but after that client has already signed an affidavit swearing to the truthfulness and correctness of the "prepared" statement.

However common the practice is, it by no means makes it right. All the more lamentable does it become when the improper procedure is followed by an arm of the court. Not only is it wrong, it is a sloppy method which generates even more disrespect for the law and those who work with it.

Rules are made to be followed. If they are not, one of two consequences should occur: either the impo-

---

[*] We note one exception carved by the Superior Court in petitions under our Divorce code. Marks v. Marks, 300 Pa.Super. 288, 446 A.2d 618 (1982). The reasoning does not apply to support petitions.

sition of a penalty, or the modification of the rule to conform to the practice. Our information has it that the latter is yet to happen.

The entire purpose of requiring a signature on each page as practiced in Dauphin County and an affirmation at the end of a statement is to establish that the plaintiff has in fact read the petition and attests to its truthfulness. Our system of justice is predicated on the value of a person's sworn or affirmed word. Testimony cannot be permitted if it is not sworn to or affirmed.

Similarly, our legislature has determined that petitions a party wants the court to consider must also carry that mark of integrity which designates the matter as worthy of the court's attention and which enables the opposition to prepare a defense. Documents, the truthfulness of which cannot be verified by the presenter are of little value to this court and blatantly offend the evenhandedness of procedural rules.

It is possible that plaintiff could have cured this error at the hearing by taking the time to read the document there and validate its truthfulness under oath. However, it should have been read and sworn to before it was filed; under no circumstances should it have been signed and affirmed before being carefully read and understood by her.

We have no choice but to dismiss plaintiff's exceptions based on a void petition. We do not reach the merits of plaintiff's exceptions. Furthermore, we intend to send a strong message to future plaintiffs and to our own court officers that procedures similar to the ones followed here will not be tolerated by this jurist. We will vacate the findings made by the hearing officer and order the petition dismissed.

## ORDER OF COURT

And now, this September 6, 1985, for reasons set forth in the accompanying opinion plaintiff's exceptions to the recommended order of the domestic relations hearing officer are refused, the findings of the hearing officer are vacated, and plaintiff petition is dismissed.