J-A16025-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| M.G., | ⋮ | IN THE SUPERIOR COURT OF |
| | ⋮ | PENNSYLVANIA |
| Appellee | ⋮ | |
| | ⋮ | |
| v. | ⋮ | |
| | ⋮ | |
| S.J., | ⋮ | |
| | ⋮ | |
| Appellant | ⋮ | No. 1205 WDA 2015 |

Appeal from the Order of July 10, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-07-009307-004

| | | |
|---|---|---|
| M.G., | ⋮ | IN THE SUPERIOR COURT OF |
| | ⋮ | PENNSYLVANIA |
| Appellee | ⋮ | |
| | ⋮ | |
| v. | ⋮ | |
| | ⋮ | |
| S.J., | ⋮ | |
| | ⋮ | |
| Appellant | ⋮ | No. 1206 WDA 2015 |

Appeal from the Order of July 9, 2015
In the Court of Common Pleas of Allegheny County
Family Court at No(s): FD-07-009307-004

BEFORE:  SHOGAN, OLSON and STRASSBURGER,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 14, 2016**

*Retired Senior Judge assigned to the Superior Court.

Appellant, S.J.[1] ("Father"), appeals *pro se* (at docket no. 1205 WDA 2015) from the order entered July 10, 2015,[2] dismissing his exceptions to the recommendations of the hearing officer dated April 7, 2015. Additionally, Father appeals *pro se* (at docket no. 1206 WDA 2015) from the order entered July 9, 2015, continuing the "complex" child support hearing scheduled for July 31, 2015, holding certain discovery motions to be moot in light of the continuance, and declining to award attorney's fees for Father's noncompliance with discovery. After careful consideration, we quash both appeals as interlocutory.

On appeal, at docket no. 1205 WDA 2015, Father first contends that the court erred by failing to address his exceptions to the April 7, 2015 recommendations of the hearing officer. Specifically, he avers that Mother failed to appear a hearing on April 7, 2015 and he was entitled to modification of child support by default.

Our disposition of this case requires that we detail the procedural developments that took place before the trial court. On March 12, 2015, Father filed a petition for modification of child support. Consequently, the trial court scheduled a hearing for April 7, 2015. On April 2, 2015, however,

---

[1] We use the parties' initials in the caption and throughout this memorandum to protect the identity of the minor child.

[2] Although the order on appeal at docket no. 1205 WDA 2015 was dated July 8, 2016, it was not docketed until July 10, 2015. We amended the caption accordingly.

Mother presented a motion to designate the matter complex and continue the case for a complex hearing. Father was present for the presentation of Mother's motion. On April 2, 2015, the trial court granted Mother relief by signed order that stated, "[t]he conference and hearing scheduled on [Father's] [p]etition for [m]odification of [s]upport on April 7, 2015, at 9:45 is continued and shall be rescheduled for a [c]omplex [h]earing before Hearing Officer Peggy L. Ferber, Esquire on the 31[st] day of July 2015[.]" Order of Court, 4/2/2015, at 1. Counsel for Mother, however, admittedly misfiled the order. As a result, on April 7, 2015, Father appeared for the previously scheduled simple hearing on his petition for modification of child support. Father argued he was entitled to modification of support based upon Mother's failure to appear.

Following the hearing, on April 7, 2015, the hearing officer issued a written recommendation that stated:

> [Father's] [p]etition for [m]odification is continued and is to be re-scheduled for a complex hearing before Hearing Officer Ferber for a [two-]hour complex hearing. Pretrial order to issue. All provisions of the [April 2, 2015[3]] order to remain in effect. Order without prejudice to [Father] to make a request at the next hearing for his expenses in appearing today.

_____

[3] As previously stated, the April 2, 2015 order, as referenced in the hearing officer's report, continued and rescheduled the April 7, 2015 hearing on Father's petition for modification of support until July 31, 2015, as the matter was designated complex.

Hearing Summary, 4/7/2015, at 1. On April 7, 2015, the trial court entered an order adopting the hearing officer's recommendations.

On April 27, 2015, Father filed exceptions to the hearing officer's recommendations. In his exceptions, Father argued that the hearing officer erred by failing to issue an order for modification in his favor on grounds of default (given the absence of Mother and her counsel) and then rescheduling the case for a two-hour, complex hearing. By order entered on July 10, 2015, the trial court dismissed Father's exceptions. On appeal, Father asserts that the dismissal of his exceptions was erroneous.

Before we reach the merits, however, we must determine if we have jurisdiction. *See Grom v. Burgoon*, 672 A.2d 823, 824–825, (Pa. Super. 1996) ("It is well-settled that the question of subject matter jurisdiction may be raised at any time, by any party, or by the court *sua sponte.*"). "As a general rule, this Court has jurisdiction only over appeals taken from final orders." *Angelichio v. Myers*, 110 A.3d 1046, 1048 (Pa. Super. 2015). "The finality of an order is a judicial conclusion which can be reached only after an examination of its ramifications." *West v. West*, 446 A.2d 1342, 1342 (Pa. Super. 1982) (citation omitted). A final order is an order that "disposes of all claims and of all parties." Pa.R.A.P. 341. An order granting a motion for continuance does not dispose of all claims and all parties and is not a final order pursuant to Pa.R.A.P. 341. *See Rodgers v. Rodgers*, 423 A.2d 4, 6 (Pa. Super. 1980). With certain exceptions not applicable here,

this Court does not have jurisdiction over immediate appeals from an interlocutory order, and we must quash such appeals. ***Pennsy Supply, Inc. v. Mumma***, 921 A.2d 1184, 1194 (Pa. Super. 2007), *appeal denied*, 934 A.2d 1278 (Pa. 2007). For the reasons that follow, we conclude the July 10, 2015 order was not a final order and not immediately appealable.

This Court quashed an appeal in a similar case involving a continuance on a petition for alimony *pendente lite* in ***Lasco v. Lasco***, 446 A.2d 963 (Pa. Super. 1982). In that case, "the lower court ruled on several outstanding motions and petitions, but postponed a decision on the alimony *pendente lite* and counsel fee modification petitions until it could obtain more evidence[.]" ***Lasco***, 446 A.2d at 964. Thereafter, husband "filed exceptions to the lower court order alleging, *inter alia*, that the lower court erred in postponing its decision." ***Id.*** We ultimately quashed the appeal, concluding "the lower court did nothing more than continue to postpone a final determination of [husband's] petition[,] there ha[d] yet to be a decision on the merits of [husband's petition] and therefore, [there was] no final appealable order for this Court to review." ***Id.*** at 964–965.

The same holds true in this case. Because the July 10, 2015 order reaffirmed the designation of the matter as complex and continued the hearing on Appellant's modification petition, the order was not final. The trial court simply did not rule on the merits of Appellant's modification petition. Hence, we quash the appeal at 1205 WDA 2015.

We now address the appeal from the July 9, 2015 order, continuing the "complex" hearing to July 31, 2015, holding certain discovery motions to be moot in light of the continuance, and declining to award attorney's fees for noncompliance with discovery.

As previously stated, an order granting a motion for continuance does not dispose of all claims and all parties and is not a final order pursuant to Pa.R.A.P. 341. *See Rodgers*, 423 A.2d at 6. Likewise, an order holding discovery motions to be moot in light of a continuance is not a final order. *Smith v. Philadelphia Gas Works*, 740 A.2d 1200, 1203 (Pa. Super. 1999) ("[D]iscovery orders are interlocutory and not appealable until there is a final judgment in the underlying action."). As the mootness of the underlying discovery orders makes attorney's fees for noncompliance unwarranted at this time, that matter is also interlocutory, as it does not resolve all claims involving all parties. *See* Pa.R.A.P. 341(b). None of these rulings are appealable as of right. *See* Pa.R.A.P. 311 (listing circumstances in which an appeal may be taken as of right from an interlocutory order). As Father took this appeal from an interlocutory order, we lack jurisdiction and must quash.[4] *See Pennsy Supply, Inc.*, 921 A.2d at 1194.

_____

[4] Even if we were to consider the merits of Father's arguments regarding the July 9, 2015 order, we observe that Father misconstrues Pa.R.C.P. 1910.12(c)(2). As Rule 1910.12 and its explanatory comment make clear, subsection (c)(2) pertains to requests to separately list an office conference and hearing originally scheduled for the same day. *See* Pa.R.C.P. 1910.12
*(Footnote Continued Next Page)*

July 10, 2015 order at docket no. 1205 WDA 2015 quashed. Appeal from July 9, 2015 order at docket no. 1206 WDA quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/14/2016

_(Footnote Continued)_ _____

(requiring submission of such requests at least seven days before the scheduled proceedings.) It does not present any time-bar to Mother's motion to designate the case "complex." _See id._