Commonwealth *v.* Orsatti, Inc. et al.,
Appellants.

Argued May 26, 1972. Before JONES, C. J., EAGEN, O'BRIEN, POMEROY, NIX and MANDERINO, JJ.

*A. A. Guarino,* for appellants.

*Thomas J. Oravetz,* Deputy Attorney General, with him *Lawrence T. Hoyle, Jr.,* Deputy Attorney General, and *J. Shane Creamer,* Attorney General, for Commonwealth, appellee.

OPINION BY MR. JUSTICE O'BRIEN, June 28, 1972:

In July of 1963, in the Court of Common Pleas of Dauphin County, the Commonwealth of Pennsylvania filed a complaint against the appellants, Orsatti, Inc., and Arnold Orsatti, hereinafter referred to collectively as Orsatti, alleging the breach of a number of leases and seeking payment of $15,183.19 in damages. On August 5, 1963, Orsatti filed preliminary objections to the complaint. Nothing happened for five years, until October 14, 1968, when Orsatti filed a complaint against the Commonwealth with the Board of Arbitration of Claims, seeking damages in the amount of $48,393.25, for alleged breach of the same leases. Preliminary objections to that complaint were filed by the Commonwealth, raising the defense of the statute of limitations because the claim was not filed within six months after it had accrued as is required by §6 of the Act of June 26, 1939, P. L. 1081, 72 P.S. §4651-6. On November 14, 1968, the Board issued an order dismissing the complaint as being out of time. Orsatti did not appeal the Board's order.

On December 19, 1968, Orsatti withdrew the preliminary objections, which had been filed in 1963, to the Commonwealth's complaint, and filed an answer, new matter and counterclaim in Dauphin County Common Pleas Court. The counterclaim was identical to the

claim previously filed with and dismissed by the Board of Arbitration of Claims. On January 8, 1969, the Commonwealth filed preliminary objections to Orsatti's new matter and counterclaim alleging, *inter alia*, that the November 14, 1968, order of the Board of Arbitration of Claims made Orsatti's counterclaim res judicata. On January 17, 1969, Orsatti filed preliminary objections to the Commonwealth's preliminary objections. All of the objections were briefed and argued before the court en banc on April 7, 1969. On January 2, 1970, the court, by Judge R. Dixon HERMAN, issued an order dismissing Orsatti's preliminary objections and sustaining the Commonwealth's preliminary objections to Orsatti's new matter and counterclaim, citing *Commonwealth v. Berks County,* 364 Pa. 447, 72 A. 2d 129 (1950). The parties were granted twenty days to plead over.

Orsatti made no effort to amend the pleadings. Instead, on March 11, 1970, an appeal to our Court was filed.

The Commonwealth urges that the order sustaining its preliminary objections to Orsatti's counterclaim is interlocutory and, therefore, not appealable.

In arguing that the appeal should not be quashed, Orsatti relies on *Broido v. Kinneman,* 375 Pa. 568, 569-70, 101 A. 2d 647 (1954), where we held that an order sustaining preliminary objections to defendants' counterclaim is appealable, explaining: "Its intendment and effect was to put the defendants out of court so far as their counterclaim was concerned. To that extent the order was final and would, no doubt, have impeded the defendants if unreversed before trial of the plaintiffs' claim. In so saying, we do not mean to suggest that a final judgment on the original issue raised by the complaint could not have been awaited by the defendants or that, upon appealing from such final judgment, the

action of the court below, in sustaining preliminary objections to the counterclaim, could not then have been assigned for error. But, obviously, such a course would not have afforded expeditious procedure for the ultimate disposition of the entire controversy. Counsel for the plaintiffs freely and frankly admitted at bar that, if the order were not reversed, he would expect to have the defendants' counterclaim withheld at trial from submission to the jury as being res judicata."

The Commonwealth apparently attempts to distinguish *Broido* by arguing that, under the authority of *Commonwealth v. Berks County, supra,* the case cited by the court in sustaining preliminary objections, Orsatti could still have amended the counterclaim to allege the same facts as the basis for a claim of recoupment and, therefore, Orsatti was not really out of court. However, in the counterclaim, Orsatti sought damages in the amount of $48,393.25. As a claim for recoupment, this claim could be worth no more than the total amount of the Commonwealth's claims, an approximate $15,000. Thus, as to the approximate $33,000 difference between the counterclaim and the Commonwealth's claims, Orsatti was put out of court. Consequently, we believe that this appeal cannot be quashed.

We come then to the question of whether the Commonwealth's preliminary objections to the counterclaim should have been sustained. The Commonwealth of Pennsylvania is a sovereign state, and as such is immune from suit unless it gives its consent. *Conrad v. Commonwealth,* 441 Pa. 530, 272 A. 2d 470 (1971). Article I, Section 11 of the Pennsylvania Constitution empowers the Legislature to give the consent of the Commonwealth to suit by providing: "Suits may be brought against the Commonwealth in such manner, in such courts and in such cases as the Legislature may by law direct." The Legislature exercised this power

by its enactment of the Act of May 20, 1937, P. L. 728, 72 P.S. §4651-1 et seq., which established the Board of Arbitration of Claims with: ". . . jurisdiction to hear and determine all claims against the Commonwealth arising from contracts hereafter entered into with the Commonwealth, where the amount in controversy amounts to $300.00 or more." 72 P.S. §4651-4. The jurisdiction conferred therein was exclusive. See *Kaufman v. Holcomb*, 357 Pa. 514, 55 A. 2d 534 (1947). Since the Commonwealth, as a sovereign, can only be sued by its consent, and since its consent for contractual suits has been conditioned on the claimant's use of the Board of Arbitration of Claims, Orsatti may only establish the full counterclaim before the Board of Arbitration of Claims. Since the Board has already dismissed Orsatti's claim, for failure to comply with the time limits established by the Legislature in its conditional granting of consent to be sued, 72 P.S. §4651-6, and since the court does not have jurisdiction to consider the whole of appellant's counterclaim, the court was correct when it sustained the Commonwealth's preliminary objections on the theory of *Commonwealth v. Berks County, supra.*[1]

Orsatti contends that when the defense of sovereign immunity is applied to defeat contracts made by a state, which are otherwise valid under the laws of that state, the defense impairs the obligation of contracts protected by both the state and federal constitutions (State Constitution, Art. I, §17, Federal Constitution, Art. I, §10). However, Orsatti was given a remedy to protect all of the rights under the contract, when the Legisla-

---

[1] Although this decision rests on a finding that the court lacked jurisdiction, and not on a finding of res judicata, as the Commonwealth had contended, it was perfectly proper for the court to raise the question of jurisdiction, sua sponte, *Pa. Railroad Co. v. Pa. P.U.C.*, 396 Pa. 34, 152 A. 2d 422 (1959).

ture created the Board of Arbitration of Claims for just such a purpose. Having failed to pursue that remedy properly, Orsatti now asks us to protect him by abandoning the long-recognized doctrine that a sovereign state can condition its consent to be sued on the claimant's use of a particular forum, i.e., the Board of Arbitration of Claims. We decline to do so.

As we said in *Commonwealth v. Berks County, supra,* at page 449: "So far as Pennsylvania's courts are concerned, it is only as the legislature may by law direct that suits may be brought against the Commonwealth: Pennsylvania Constitution, Art. I, Sec. 11. Nor is the State's consent any less essential where it is sought to interpose a claim against the Commonwealth by way of a set-off or counterclaim to a suit by it: see Commonwealth v. Matlack, 4 Dallas *303; and In re Monongahela Rye Liquors, 141 F. 2d 864, 869 (C.C.A. 3)."

However, Orsatti must be allowed to amend the counterclaim to allege the same facts as a basis for a claim in recoupment as a defense to the Commonwealth's case. For, as we went on to say in *Commonwealth v. Berks County, supra* at pp. 449-50: "Where, however, a State voluntarily submits to court jurisdiction by its institution of a suit, it at once renders available, as a defense to the adverse party, such of the latter's claims as have grown out of the transaction which gave rise to the sovereign's suit. 'A defendant's right in such regard is one of recoupment': In re Monongahela Rye Liquors, supra, at p. 869. In Bull v. United States, 295 U.S. 247, 262, it was said that '. . . recoupment is in the nature of a defense arising out of some feature of the transaction upon which the plaintiff's action is grounded' . . . . And, while the right does not entitle the defendant to a certificate in its favor for the excess of its claim over the amount sued for by the Common-

wealth, a general verdict for the defendant with respect to the sovereign's claim is sustainable: see Commonwealth v. Matlack, supra."

Order affirmed and case remanded for proceedings consistent with this opinion.

Mr. Chief Justice JONES concurs in the result.

Mr. Justice ROBERTS took no part in the consideration or decision of this case.