476 A.2d 462

**Stephen C. ZIVITZ and Jean C. Zivitz, H/W**

**v.**

**CENTENNIAL ROAD PROPERTIES, INC., Milton Osterneck, Anthony Bonanni and De Caro Paving Co.**

**APPEAL OF CENTENNIAL ROAD PROPERTIES INC., Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 4, 1984.

Filed May 18, 1984.

Benjamin E. Zuckerman, Norristown, for appellant.

John A. Lord, Philadelphia, for Zivitz, appellees.

Herbert E. Squires, Philadelphia, for De Caro, appellee.

Before CAVANAUGH, TAMILIA and HOFFMAN, JJ.

TAMILIA, Judge:

The sole issue presented in this appeal is whether the lower court properly struck appellant's counterclaim for failure to meet the requirements of Pa.R.C.P. 1031(a) where the counterclaim arose from the allegedly tortious manner in which appellees instituted an assumpsit action against appellant for breach of a construction contract.

■ Appellees, the plaintiffs below, filed a complaint in assumpsit in the Court of Common Pleas of Montgomery County against, among others, appellant, Centennial Road Properties, Inc., alleging breach of contract in the construction of their house. Therein, appellees alleged that appellant failed to complete the work in a workmanlike manner, failed to adhere to the expressed terms of the contract, and breached various contractual warranties. Appellant filed an answer to the complaint and by way of counterclaim alleged tortious conduct by appellees arising out of the manner of filing the assumpsit action. Appellant, without specificity, alleged that appellees instituted suit against it in an arbitrary and vexatious manner, without valid excuse and in bad faith. In addition, they alleged that the aver-

ments of appellee were slanderous and libelous to their business reputation. Appellee filed preliminary objections to the counterclaim in the nature of a motion to strike which were sustained by the lower court in an Order dated February 18, 1982. This appeal followed.[1]

In the interests of judicial economy and prompt judicial resolution of claims, Pa.R.C.P. 1031(a) provides that a counterclaim to an action in assumpsit must meet the following criteria:

(a) The defendant may set forth in the answer under the heading "Counterclaim" any cause of action or setoff which he has against the plaintiff at the time of filing the answer (1) which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose, or (2) which arises from contract or is quasi-contractual.

Regarding Rule 1031(a), Goodrich-Amram states:

... [i]f the defendant's cause of action is non-contractual, and the defendant may not waive the tort and sue in assumpsit, there is no right of counterclaim, *except in the single instance where the cause of action arises out of the tortious acts of the plaintiff in the very transaction upon which the plaintiff is suing and where the tortious act is directly connected with the performance of the contract.*

2 Goodrich-Amram 2d § 1031(a):1, p. 313 (footnotes omitted) (emphasis supplied).

Although the abuse of process and defamation counterclaims of appellant may not have arisen "but for" the pre-existing contractual relationship, these claims relate only to the circumstances surrounding the manner in which appellees' claims in assumpsit were asserted, and to the motives of appellees in bringing suit. Thus, the counter-

---

**1.** An order sustaining preliminary objections and dismissing a counterclaim is appealable since it puts the defendant out of court as far as the counterclaim is concerned, even though the validity of plaintiff's claim is still undetermined. *Commonwealth v. Orsatti, Inc.,* 448 Pa. 72, 292 A.2d 313 (1972); *Kaskie v. Kaskie,* 295 Pa.Super. 523, 442 A.2d 261 (1982).

claims neither arise out of the tortious acts of appellees in the very transaction upon which they are suing, nor are they directly connected with the performance of the contract. Furthermore, the operative facts that comprise the claims of each party are unrelated as to time, origin and motivation and do not, if taken together, form a convenient trial unit. The requisite proofs to establish the claims of each party are markedly distinct. As such, judicial economy would not be served by trying both claims together. Case law also supports the lower court's sustaining the motion to strike. See, *O'Conner v. Brown and Park*, 60 Pa.D & C2d 377, 380 (1971) (counterclaim based on defamation to an assumpsit action seeking to collect a delinquent debt stricken since not born of same transaction); *Girard Discount Company v. Layton*, 36 Pa.D & C2d 560 (1960); *Reliance Insurance Company v. Petrini Realty and Insurance Company*, 5 Mercer 222 (1962) (counterclaim to action based on alleged defamation contained in complaint in assumpsit stricken where the counterclaim's only relationship to the subject matter of the original complaint was the fact that the alleged libel was published in the complaint); *Norristown Ford Company v. Metropolitan Auto Dealers, Inc.*, 88 Pa.D & C2d 546, 549–550 (1954) (counterclaim of slander was the result of subsequent disputes between parties concerning the terms of contract and did not arise at the time the parties entered into their oral agreement that was basis of plaintiff's suit); See also, *Bloom v. Devonian Gas and Oil Company*, 397 Pa. 309, 312, 155 A.2d 195, 196–197 (1959) (counterclaim of tortious interference with contract cannot be asserted to an action in assumpsit since "while the occurrence may arise out of a contractual relationship, the damage was done by tortious conduct and such conduct cannot be the basis of a counterclaim in a suit for assumpsit."); *Riverside Memorial Mausoleum, Inc. v. UMET Trust*, 581 F.2d 62, 68 (3rd Cir.1978) (counterclaim of tortious interference cannot be set up as a defense unless the act is directly connected with the performance of the contract); *Fyreside Shoppe, Inc. v. Rivken*, 79 Lack.Jur. 23 (1977); *Sameric Corporation of*

*Brookhaven v. Arthur A. Kober Company, Inc.,* 73 Pa.D & C2d 437 (1975); *Heil Equipment Company of Philadelphia, Inc. v. Diamond Reo Truck Sales,* 62 Pa.D & C2d 539 (1972), aff'd per curiam 225 Pa.Super. 755, 306 A.2d 328 (1973).

Order affirmed.

CAVANAUGH, J., concurs in result.