483 A.2d 534

**DUQUESNE LIGHT COMPANY,**

v.

**U.S. INDUSTRIAL FABRICATORS, INC., Appellant.**

Superior Court of Pennsylvania.

Argued Aug. 8, 1984.

Filed Oct. 5, 1984.

446

Robert V. Campedel, Pittsburgh, for appellant.

Amy S. Cunningham, Pittsburgh, for appellee.

Before BROSKY, WATKINS and HESTER, JJ.

HESTER, Judge:

■ This is an appeal from an order of the lower court which struck appellant's counterclaims on the ground that they involved actions separate from that included in appellee's complaint.[1] For the reasons which follow, we affirm.

Appellee instituted an action against appellant to recover the cost of electrical services which it provided to appellant. In its answer, appellant did not deny that electrical services were received; rather, it counterclaimed for rental value of telephone poles wrongfully placed on its property and for damages resulting from improper installation of said poles. In addition, appellant counterclaimed for loss of rent resulting from appellee's failure to provide electrical services to appellant's tenant.

Appellee filed preliminary objections and moved to strike appellant's counterclaims as violations of Pa.R.C.P. 1031. This rule permits a defendant to raise by counterclaim any cause of action:

1. An order sustaining preliminary objections and dismissing a counterclaim is appealable since it puts the defendant out of court as far as the counterclaim is concerned. *Zivitz v. Centennial Road Properties, Inc.,* 328 Pa.Super. 79, 81 n. 1, 476 A.2d 462, 463 n. 1 (1984).

(1) which arises from the same transaction or occurrence or series of transactions or occurrences from which plaintiff's cause of actions arose or

(2) which arises from contract or is quasi-contractual. The lower court agreed that appellant's counterclaims did not fall within the purview of Rule 1031 and sustained appellee's preliminary objections.

■ Appellant seeks our review of this decision, asserting that the lower court erred in striking its counterclaims. The foundation for appellant's argument is that its counterclaim arose from the same series of transactions or occurrences from which appellee's cause of action arose. In the alternative, appellant asserts that one of its counterclaims arose from a quasi-contractual relationship and was therefore an appropriate subject for a counterclaim.[2]

Appellant initially argues that the lower court failed to liberally construe the language "series of transactions or

**2.** Since this case was appealed, the Supreme Court of Pennsylvania, by order dated December 16, 1983, amended Pa.R.C.P. 1031(a) to state:

The defendant may set forth in the answer under the heading "Counterclaim" any cause of action heretofore asserted in assumpsit or trespass which he has against the plaintiff at the time of filing the answer.

Effective July 1, 1984. This language removed the former constraints against joining in a counterclaim any trespass actions which a defendant may be able to assert against a plaintiff. Now, a defendant's counterclaim in trespass need not be related to or arising from a transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose. Appellant seeks to apply the amended version of Rule 1031(a) to the instant action; such application would mandate reversal of the lower court order. This we refuse to do.

Pa.R.C.P. 152 provides that whenever a rule is amended, "the new provisions shall be construed as effective only from the date when the amendment became effective." This Court has declined to apply amended procedural rules to actions commenced prior to the effective date of the amendment. See *Miller v. Hild,* 303 Pa.Super. 332, 449 A.2d 714 (1982). As we observed in *Trinity Area School District v. Dickson,* 223 Pa.Super. 546, 551, 302 A.2d 481, 484 (1973), "procedural rights are determined by the law in force when the action is initiated." *See Giacco v. Pampena,* 318 Pa.Super. 376, 380 n. 3, 465 A.2d 3, 5 n. 3 (1983). Consequently, this action is governed by Rule 1031(a) as it read on the day this suit was instituted.

occurrences" to include the factual foundations for both appellee's claim and appellant's counterclaims. It is appellant's contention that all causes of action involved in this appeal arose as a result of the manner in which appellee provided service to appellant, and that these combinations of acts and events comprise a series of transactions which warrant joinder in a counterclaim.

 Beyond doubt, the Rules of Civil Procedure are to be liberally construed and they do direct the courts to disregard defects of procedures which do not affect the substantive rights of the parties. See Pa.R.C.P. 126. However, liberal construction does not entail total disregard of those rules concerning pleading. The lower court found, and we agree, that there was no relationship between appellee's cause of action and the causes of action set forth in appellant's counterclaims. Appellee's cause of action raised only the issue of non-payment for electrical service. Appellant's causes of action were totally independent from the averments of appellee's complaint. The rental value of appellant's property, the cost of repairing a damaged sewer line, and lost rentals resulting from appellee's refusal to provide electrical services cannot be considered transactions or occurrences flowing directly from appellee's attempt to seek payment for services which were undeniably received.

Appellant argues in the alternative that its counterclaim as to the unauthorized placement of telephone poles on its property constituted a quasi-contract and thus falls within the ambit of Rule 1031(a)(2). This argument likewise must be dismissed.

 In filing its counterclaims, appellant incorporated by reference a complaint in trespass which it had previously filed against appellee. Nowhere in its complaint did appellant alternatively plead an assumpsit cause of action, although Pa.R.C.P. 1020(d)(1) clearly permits such joinder. However, when joinder is sought, the causes of action in trespass and assumpsit must be embodied in separate counts, with each count clearly delineating its character-

ization as trespass or assumpsit. Failure to join a cause of action as required by the above-cited subdivision "shall be deemed a waiver of that cause of action as against all parties to the action." Pa.R.C.P. 1020(d)(4). Thus, appellant, by failing to include in its complaint any counts in assumpsit, cannot now argue a counterclaim in assumpsit which is a derivative of the original pleading in trespass. We therefore dismiss appellant's second and final contention.

Order affirmed.