521 A.2d 958

The **FIDELITY BANK**, Appellee,

v.

**Mary G. DUDEN, Appellant.**

Superior Court of Pennsylvania.

Argued Oct. 1, 1986.

Filed March 6, 1987.

Alison M. Benders, Philadelphia, for appellant (at 2878) and appellee (at 3321).

Paul Logan, Norristown, for appellant (at 3321) and appellee (at 2878).

Before CIRILLO, President Judge, and CAVANAUGH, WICKERSHAM, WIEAND, McEWEN, DEL SOLE, TAMILIA, KELLY and JOHNSON, JJ.

126

PER CURIAM:

■ This appeal is from an order summarily dismissing a counterclaim which had been filed without leave of court more than ten months after the pleadings had been closed. A panel of this Court assigned to hear argument certified the appeal to a court en banc so that further consideration might be given to the appealability of an order summarily dismissing a counterclaim. After careful consideration, we have determined that an order summarily dismissing a counterclaim is final and immediately appealable. Having made an independent review of the order appealed from, however, we find no abuse of discretion and affirm the order of the trial court.

The Supreme Court of Pennsylvania has repeatedly and consistently held that an order summarily dismissing a counterclaim is an appealable order. See: *Commonwealth v. Orsatti, Inc.*, 448 Pa. 72, 75–76, 292 A.2d 313, 315 (1972); *Broido v. Kinneman*, 375 Pa. 568, 569–570, 101 A.2d 647, 648 (1954). This Court has followed the precedent established by the Supreme Court and has also held such orders appealable. See: *Duquesne Light Co. v. United States Industrial Fabricators, Inc.*, 334 Pa.Super. 444, 446 n. 1, 483 A.2d 534, 535 n. 1 (1984); *Zivitz v. Centennial Road Properties, Inc.*, 328 Pa.Super. 79, 81 n. 1, 476 A.2d 462, 463 n. 1 (1984). Nevertheless, it has been suggested that an appeal from an order summarily dismissing a counterclaim should be quashed on the basis of the "collateral order" test for appealability which was announced by the Supreme Court of the United States in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.2d 1528 (1949) and later adopted by the Supreme Court of Pennsylvania in *Pugar v. Greco*, 483 Pa. 68, 394 A.2d 542 (1978). See also: *Bell v. Beneficial Consumer Discount Co.*, 465 Pa. 225, 348 A.2d 734 (1975). This argument, we conclude, misapprehends the *Cohen* "collateral order" test of appealability.

■ An order summarily dismissing a counterclaim puts a party out of court on his or her counterclaim. Such an

order, the Supreme Court has held, is final and appealable. The *Cohen* test has nothing to do with determining "finality." If an order adjudicates an action finally, it is appealable. Conversely, if the order does not determine the action finally, it is interlocutory and generally nonappealable. See: *Rossi v. Pennsylvania State University*, 340 Pa.Super. 39, 43–44, 489 A.2d 828, 830 (1985); *Sanderbeck v. Sanderbeck*, 327 Pa.Super. 461, 463–464, 476 A.2d 44, 45 (1984).

*Cohen* created an exception to the rule allowing appeals solely from final orders. See: *Pugar v. Greco, supra* 483 Pa. at 73, 394 A.2d at 545. It has application only to orders which are interlocutory. *Cohen* holds that an interlocutory order is appealable "if (1) *it is separable from and collateral to the main cause of action;* (2) the right involved is too important to be denied review; and (3) the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost." *Cohen v. Beneficial Consumer Discount Co., supra* 337 U.S. at 546, 69 S.Ct. at 1226, 93 L.Ed.2d at 1536 (emphasis added).

■ The *Cohen* rule, by its express terms, can have application solely to orders which are interlocutory. Interlocutory orders are appealable where they are "separable from and collateral to the main cause of action" and where an important right will be lost if an immediate appeal is not allowed. See: *Praisner v. Stocker*, 313 Pa.Super. 332, 342, 459 A.2d 1255, 1260–1261 (1983). Thus, in the *Cohen* case, the Supreme Court of the United States applied the test to an order denying a request that security be posted for an opponent's counsel fees and expenses before the case proceeded. And in *Katz v. Katz*, 356 Pa.Super. 461, 514 A.2d 1374 (1986), this Court applied the "collateral order" test to an order requiring that divorce proceedings before a master be open to the public. And finally, in *Fried v. Fried*, 509 Pa. 89, 501 A.2d 211 (1985), the Pennsylvania Supreme Court applied the "collateral order" test to determine the appealability of an order awarding interim counsel fees and

expenses in a divorce action. In all of these cases the orders from which appeals had been taken were interlocutory "collateral orders" which were separable from the main cause of action. To such orders the *Cohen* test properly had application.

■ The suggestion made in *Elderkin, Martin, Kelly, Massina & Zamboldi v. Sedney,* 354 Pa.Super. 253, 256, 511 A.2d 858, 859 (1986) that because of *Fried*, "the appropriate test to be applied in determining finality is the three prong *Cohen* test," is disapproved. According to longstanding precedent, an order is final where it puts a litigant out of court or otherwise terminates the litigation by precluding a party from presenting the merits of a claim or defense to the trial court. *Temtex Products, Inc. v. Kramer,* 330 Pa.Super. 183, 189, 479 A.2d 500, 503 (1984). See: *Pugar v. Greco, supra; Feingold v. Bell of Pennsylvania,* 477 Pa. 1, 383 A.2d 791 (1977); *T.C.R. Realty, Inc. v. Cox,* 472 Pa. 331, 372 A.2d 721 (1977); *Safety Tire Corp. v. Hoffman Tire Co.,* 458 Pa. 102, 329 A.2d 834 (1974); *Myers v. Travelers Insurance Co.,* 353 Pa. 523, 46 A.2d 224 (1946); *Appeal of Washington Union Trust Co.,* 350 Pa. 363, 39 A.2d 137 (1944); *In re Keasbey's Trust,* 342 Pa. 439, 20 A.2d 281 (1941). *Cohen,* to repeat, has nothing to do with determining finality; it has application only to orders which admittedly are interlocutory but which are collateral to and separable from the main action.

The *Fried* holding that the *Cohen* test was applicable to determine the appealability of interim orders pertaining to the payment of counsel fees and expenses did not overrule expressly or by necessary implication those prior decisions of the Supreme Court which had permitted appeals from orders summarily dismissing counterclaims. An order dismissing a counterclaim is not only final, but by its very nature has application to the main action in a way that is direct and not collateral. A counterclaim is a part of the main action, and an order dismissing a counterclaim is sufficiently final to permit an immediate appeal. See: *Commonwealth v. Orsatti, Inc., supra; Broido v. Kinne-*

*man, supra.* The appeal by Duden from the order summarily dismissing her counterclaim, therefore, is properly before this Court for review.

The facts of the case are relatively uncomplicated. On July 5, 1977, a judgment in the amount of $59,780 was confessed against Mary and Frederick Duden pursuant to a guaranty note held by Fidelity Bank. In April, 1979, Mary Duden entered into a contract with the bank whereby Duden agreed to make periodic payments to the bank on account of the judgment which had been confessed against her and her husband if the bank would refrain from executing upon the judgment. Payments allegedly totalling $8,000 were made by Duden in accordance with that agreement. In May, 1980, however, Duden refused to make further payments.

On March 26, 1982, the bank commenced a civil action against Duden by filing a complaint in which it alleged a breach of the agreement entered in April, 1979. Duden filed preliminary objections to the complaint, which were dismissed on December 29, 1982. She was given by the court a period of twenty days within which to file an answer. An answer containing new matter was filed on January 13, 1983; and a reply to new matter was filed by the bank on January 25, 1983. More than ten months later, on December 8, 1983, Duden filed a separate pleading entitled "Counterclaim" in which she sought to recover the eight thousand ($8,000) dollars which she had previously paid to the bank. On September 17, 1984, the trial court sustained preliminary objections filed by the bank and ordered that Duden's counterclaim be stricken.[1] In doing so,

1. On October 5, 1984, Duden filed a petition for leave to amend her answer nunc pro tunc to include a counterclaim. On October 19, 1984, an appeal was filed from the order sustaining the bank's preliminary objections and dismissing the counterclaim. On December 3, 1984, the trial court denied Duden's request to file an amended answer. Duden filed a second appeal from this order, which was thereafter consolidated for purposes of argument with the appeal which had been filed from the order sustaining preliminary objections and dismissing Duden's counterclaim. On April 10, 1985, the trial court issued an amended order as follows: "This Court lacks jurisdic-

the trial court reasoned that the counterclaim was procedurally improper. Not only had it been filed untimely, but it constituted an amendment to the answer and had been filed without "the consent of the adverse party or by leave of court" as required by Pa.R.C.P. 1033.

■ Duden argues on appeal that the trial court abused its discretion by sustaining the bank's preliminary objections and striking her counterclaim. She asserts that the procedural deficiencies which prompted the dismissal of her counterclaim should have been excused by the trial court pursuant to Pa.R.C.P. 126. This rule suggests a liberal construction of the Rules of Civil Procedure and permits a court to overlook errors or defects in procedure which do not affect the substantive rights of the parties. Appellant's argument was properly and cogently rejected by the trial court in its opinion of December 27, 1984, and we perceive no need for further comment. For the reasons stated by the trial court, the order granting the bank's preliminary objections and striking Duden's counterclaim was proper. It did not constitute an abuse of discretion. Therefore, we affirm.

Affirmed.

DEL SOLE, J., files a dissenting opinion.

DEL SOLE, Judge, dissenting:

I respectfully dissent because I believe this Court is without jurisdiction to address the merits of the appeals presently before us, and accordingly, the appeals should be quashed.

Presented before this Court are consolidated appeals from two Orders entered by the trial court. The appeal at No. 2878 is from an order entered September 19, 1984,

tion to consider Defendant's Petition for Leave to Amend Answer Nunc Pro Tunc by virtue of the appeal taken to the Superior Court on October 19, 1984." The appeal from the order of December 3, 1984 has not been pursued in appellant's brief; and, therefore, it will be deemed abandoned. See: *Morgan v. Sbarbaro,* 307 Pa.Super. 308, 310, 453 A.2d 598, 599 (1982).

which struck Appellant's "counterclaim". The appeal at No. 3321 is from an order entered December 4, 1984, as amended April 10, 1985, which dismissed Appellant's petition to amend her answer *nunc pro tunc.*

On March 25, 1982, Fidelity Bank (hereafter, Bank) filed a complaint in assumpsit and trespass based on an oral agreement in which the Bank promised to forbear from commencing execution proceedings on a judgment against Appellant for the value of a guarantee note purportedly executed by her and from foreclosing on certain real estate owned by Appellant if Appellant made certain payments to the Bank on the guarantee note. Appellant filed preliminary objections to the complaint which were overruled by the court on December 29, 1982. She was granted twenty days in which to file an answer. Appellant filed an answer on January 13, 1983. Eleven months later, on December 7, 1983, Appellant filed a separate document entitled "Counterclaim" in which she sought to recover $8,000.00 she had paid to the Bank pursuant to the oral agreement. The Bank's preliminary objection to the "Counterclaim" in the nature of a motion to strike was granted by an order entered on September 19, 1984. Appellant timely filed the appeal at No. 2878 from this order on October 15, 1984.

On October 5, 1984, following the court's striking of Appellant's counterclaim, but preceding the filing of the appeal, Appellant filed a petition for leave to amend her answer *nunc pro tunc.* On December 4, 1984, the court entered an order which was amended on April 10, 1985, dismissing the petition and stating that the court lacked jurisdiction to consider the petition because of the appeal from the order striking the counterclaim. On January 3, 1985, Appellant filed an appeal at No. 3321 from this order dismissing the petition.

Appellant contends that the trial court should not have stricken the counterclaim even though she complied with neither Pa.R.C.P. 1031 or 1033 because Rule 126 requires liberal construction of the rules. Appellee asserts that neither order from which Appellant has appealed was re-

duced to judgment, and therefore, both appeals should be quashed. Additionally, the Bank contends that the order of December 4, 1984, as amended April 10, 1985, dismissing Appellant's petition to amend her answer is interlocutory and should be quashed.

Before this Court can address the merits of this appeal, I believe our jurisdiction to decide the claims raised herein must be established. In order to avoid piecemeal litigation no appeal will be permitted from an interlocutory order, unless specifically provided for by statute. *See:* Pa.R. App.P. 311, *Caplan v. Keystone Weaving Mill,* 431 Pa. 407, 246 A.2d 384 (1968). Otherwise, an appeal must be taken from a final order. 42 Pa.C.S.A. 702(a); Pa.R.App.P. 702(a); *Sechler v. Ensign-Bickford Co.,* 322 Pa.Super. 162, 469 A.2d 233 (1983).

The Courts of this Commonwealth have in the past considered the issue and have held that an order sustaining preliminary objections and dismissing a counterclaim is appealable since it puts the defendant out of court as far as the counterclaim is concerned, even though the validity of plaintiff's claim is still unknown. *Commonwealth v. Orsatti, Inc.* 448 Pa. 72, 292 A.2d 313 (1972); *Duquesne Light Co. v. U.S. Industrial Fabricators, Inc.,* 334 Pa.Super. 444, 483 A.2d 534 (1984); *Zivitz v. Centenail Road Properties, Inc.,* 328 Pa.Super. 79, 476 A.2d 462 (1984); *Kaskie v. Kaskie,* 295 Pa.Super. 523, 442 A.2d 261 (1982). However, the courts previously viewed this and similar issues without the benefit of the Supreme Court's recent guidance outlined in *Fried v. Fried,* 509 Pa. 89, 501 A.2d 211 (1985). Therein, the court held an order relating to alimony pendente lite, counsel fees and expenses was interlocutory and not reviewable until final disposition of the case. In reaching this determination the Court found that the test announced by the United States Supreme Court in *Cohen Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949) should be utilized to decide whether orders entered during the course of underlying litigation, which are not the type from which an appeal may be taken as of

right, Pa.R.A.P. Rule 311, 42 Pa.C.S.A. or by permission, Pa.R.A.P., Rule 312, 42 Pa.C.S.A. are "final" and therefore appealable. The *Cohen* approach was adopted as part of the law in Pennsylvania in 1975. *Bell v. Consumer Discount Company,* 465 Pa. 225, 348 A.2d 734 (1975). The Supreme Court in *Fried* "affirm(ed) the adoption of *Cohen* ", and stated:

> Under *Cohen,* an order is considered final and appealable if (1) *it is separable from and collateral to the main cause of action;* (2) *the right involved is too important to be denied review; and* (3) *the question presented is such that if review is postponed until final judgment in the case, the claimed right will be irreparably lost.*
> *Id.* 337 U.S. at 546, 69 S.Ct. at 1226, 93 L.Ed. at 536.

*Fried v. Fried, supra,* 509 Pa. at 94, 501 A.2d at 214, quoting *Pugar v. Greco,* 483 Pa. 68, 73, 394 A.2d 542, 545 (1978).

In view of the Supreme Court's action in *Fried,* I believe the appropriate test to be applied in determining finality is the three prong *Cohen* test. While the first two prongs of this test will be met in many instances, to qualify as an appealable order, each of the three factors must be met. *Fried v. Fried, supra.* Accordingly, when analyzing an order to determine finality the last prong of the *Cohen* test is critical. A party seeking to determine if an immediate appeal should be taken from a particular order must ask whether an appeal from that order is permitted by statute or rule, and if not whether determination of the issue will be irreparably lost when review is postponed until final judgment in the case.[1]

---

1. Counsel are very often placed in a dilemma when they are uncertain whether the order in question is a final and appealable order. Our courts have held that once a final order is entered, it must be appealed or the right of review is lost. *Mineo v. Tancini,* 349 Pa.Super. 115, 502 A.2d 1300 (1986). Therefore, in many instances, counsel will choose to appeal a non-appealable interlocutory order to protect themselves and their clients. However, such action will do nothing but further delay the disposition of the litigation. If nothing else, the failure to take an immediate appeal from an interlocutory order should not constitute a waiver of the issue on appeal following a decision on the

Applying these factors to the instant order, it may be argued that the propriety of the trial court's dismissal of Appellant's counterclaim is separable from and collateral to the main cause of action. The recovery Appellant sought in her counterclaim may also be viewed as too important to be denied review. Nevertheless, this claimed right in my view would not be irreparably lost if review were postponed until final judgment in the case. At that time all preserved issues could be raised at once and heard by the appellate courts. Thus, review is not denied, it is merely postponed until a more appropriate time. *Sutliff v. Sutliff*, 326 Pa.Super. 496, 506–507, 474 A.2d 599, 604 (1984) (Beck, J. dissenting).

While some may contend an unnecessary retrial will result when the initial order is in error and the parties are required to postpone an appeal until final judgment, this argument begs the question. The possibility that the litigation will be amicably resolved or the parties will be satisfied with the result, will be greatly increased if the parties remain in the trial court until final judgment. If either of these two events occur, there will be no appeal.

If our goal to do justice is to be achieved, we must keep in mind that justice delayed is justice denied. As stated by the Supreme Court in *Fried:* "Our decision today reflects that policy of law which abhors 'piecemeal' determinations and the consequent protraction of litigation". *Fried v. Fried, supra,* 509 Pa. at 97, 501 A.2d at 215.[2]

merits of the case. Similar protection can be found in Rule 311(d), Pa.R.A.P. 42 Pa.C.S.A.

If one wishes to understand the magnitude of the problem of determining what non-case ending orders are find and appealable read: PINES, *Pennsylvania Appellate Practice: Procedural Requirements and the Vagaries of Jurisdiction (Part 1),* 91 Dickinson L.R. 55 (1986).

2. See also, *Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286 (1986) (where the Supreme Court ruled an appeal from the denial of a motion to dismiss on double jeopardy grounds was interlocutory and should be quashed when the hearing court has considered the motion and made written findings that it is frivolous. The Court speaking through Chief Justice Nix noted, "The needless delays engendered by

In recent years, the Supreme Court of Pennsylvania has adopted changes in the Appellate Rules to foster the goal of eliminating "piecemeal" determinations. In 1983, Pennsylvania Rule of Appellate Procedure 1701(b) was amended to include subsection (6) which grants the trial court the authority to proceed with matters at the trial level when an appeal has been filed from a nonappealable order. Also, in 1985, Appellate Rule 311(a)(1) was amended to provide where a party seeks to open, vacate and/or strike off a judgment, "no appeal may be filed until the court has disposed of each claim for relief." Pa.R.A.P., Rule 311(a)(1), 42 Pa.C.S.A. These rule changes were designed to prevent "piecemeal" determinations of issues, and to prevent the filing of an appeal notice in a nonappealable case from frustrating the orderly progression of the case to its final conclusion.

While some may view the conclusion I would reach today as potentially unjust given a different or "unusual circumstance", I hasten to point out that the Appellate Rules provide a means for taking appeals by permission. *See:* Pa.R.A.P., Rule 311, 42 Pa.C.S.A. This procedure, when accompanied by a certification from the trial court of controlling question of law, or of a refusal for such a certification acts as a safety valve. It allows the Appellate Courts of the Commonwealth to address intermediate questions in cases pending in the trial court upon showing that the matter deserves to be addressed.[3]

frivolous appeals hinder the administration of justice as well as the public interest." *Id.,* 510 Pa. at 346, 508 A.2d at 291).

**3.** The system's "safety valve" was recognized by Justice Larsen in his Concurring and Dissenting Opinion in *Commonwealth v. Brady, supra.:* "A defendant who believes that the trial court erred in dismissing his double jeopardy claim as frivolous may seek interlocutory appeal by permission under 42 Pa.C.S.A. § 702(b) and Chapter 13 of the Rules of Appellate Procedure, and may seek a stay of the retrial, pending determination of the petition for permission to appeal an interlocutory order, from the lower court or an appellate court.... With this mechanism in existence, it is extremely unlikely that a legitimate double jeopardy claim will somehow 'slip through the cracks' ..." *Id.,* 510 Pa. at 347, 508 A.2d at 292 (Larsen, J. Concurring and Dissenting).

To the extent we can possibly reduce delay prior to final judgment at the trial level, we should foster that goal. This goal would best be fostered by not permitting appeals until the litigation at the trial level has concluded between parties. Intermediate appeals do nothing but delay the ultimate resolution of the litigation, clog the Appellate Courts, remove the matter from the hands of the trial courts, and cause our citizens to be frustrated with the pace of the judicial system.

In light of the foregoing, I maintain the Supreme Court's decision in *Fried v. Fried, supra,* and the strong policy considerations recognized therein support the conclusion that the instant appeal is interlocutory and unappealable.

I would also find the order dismissing Appellant's petition to amend her answer *nunc pro tunc* to be interlocutory. Because an appeal was taken from the order striking the counterclaim, the trial court was without jurisdiction to entertain the petition to amend and to rule on its merits. Pa.R.A.P., Rule 1701(a), 42 Pa.C.S.A. The trial court has necessarily postponed a decision on the merits on the petition until it again has jurisdiction over the case. Thus, the order of December 4, 1984, as amended April 10, 1985, does not preclude Appellant from further action in the trial court once jurisdiction is relinquished to it. Therefore, I conclude this order is also interlocutory and must be quashed.