## Lefever v. Sagel

*James W. Harris*, for plaintiff.
*Francis E. Marshall*, for defendants.

RAUHAUSER, *J.*, December 18, 1987 — This matter is before the court on preliminary objections

filed on behalf of all defendants, which is in the nature of a motion to strike plaintiff's assertion of a breach of contract and to the accompanying statute of limitations that appears in paragraph 2 of plaintiff's reply to defendant's new matter.

The facts of the present case are as follows. Defendant, Henry K. Sagel, D.O., diagnosed plaintiff, Aneta L. Lefever, as having "stress urinary incontinence type II." On September 20, 1983, plaintiff was admitted to Memorial Hospital. The following day Sagel performed a surgical procedure on plaintiff referred to as a "Marshall-Marchetti-Krantz-Burch" or a "Burch-Vesicourethia Suspension." Plaintiff was discharged from Memorial Hospital on September 28, 1983. Thereafter, plaintiff continued out-patient treatment with Sagel. Plaintiff's third amended complaint contains various allegations concerning the negligent treatment of plaintiff.

Procedurally, plaintiff instituted this action by a writ of summons issued on September 16, 1985. Plaintiff filed her complaint on January 9, 1986. Subsequently, defendants filed two amended complaints. On June 11, 1986, plaintiff filed a third amended complaint to cure the defects in plaintiff's second amended complaint which were raised in the preliminary objections previously filed by defendants.

Defendants filed an answer and new matter on January 12, 1987. Defendant's new matter contains the assertion that the expiration of the statute of limitations bars plaintiff's claim.

On January 16, 1987, plaintiff filed a reply to defendants' new matter, paragraph 2 of plaintiff's reply contains an allegation of a breach of contract by defendant and the assertion of a contract statute of limitations of six years. On February 2, 1987, defendants filed the present preliminary objections, and

brief in support, in the form of a motion to strike the allegations in paragraph 2 of defendant's reply.

On April 8, 1987, defendants filed a precipe listing the preliminary objections for disposition and noting for the record the time for plaintiff to file a brief in opposition had expired under the York County Rule of Civil Procedure 31. On April 29, 1987, plaintiff filed a brief in opposition to defendants' preliminary objections without a showing of cause as required by York County Rule of Civil Procedure 31.

Local rule 31(a)(1)(vi) provides in part:

"Failure of any other party to timely file and serve a brief in opposition shall constitute a waiver of that party's right to oppose the issue raised by such proceeding . . . For cause shown, the judge assigned to the matters may permit the opposing party or parties to file a brief after the matter has been listed. . . ." York County Rule of Civil Procedure 31(a)(1)(vi)(1986).

Plaintiff has filed her brief in opposition to defendants' preliminary objections in an untimely manner and without a showing of cause. As a result, plaintiff has waived her right to oppose defendants' preliminary objections under York County Rule of Civil Procedure 31.

The remaining issue is whether defendants should be granted a motion to strike plaintiff's allegations of a breach of contract and the accompanying statute of limitations contained in plaintiff's reply to defendants' new matter.

A motion to strike is authorized by the Pennsylvania Rules of Civil Procedure for lack of conformity to law or rule of court or because of scandalous or impertinent matter. 42 Pa.C.S. §1017(b)(2) (Purdon 1947).

Defendant filed preliminary objections to strike the last sentence of paragraph 2 of plaintiff's reply to defendants' new matter which specifically provides:

"Further it is alleged that there may have been a breach of contract on the part of defendants and if so, the statute of limitations is six years."

Defendant contends the aforementioned sentence is an attempt by plaintiff to assert a new cause of action which is impertinent to plaintiff's existing claim. Defendant further argues that the assertion of the new cause of action does not comply with Pennsylvania Rules of Civil Procedure.

Pennsylvania Rule of Civil Procedure 1020 provides:

"(a) Plaintiff may state in the complaint more than one cause of action against the same defendant heretofore asserted in assumpsit or trespass. Each cause of action and any special damage related thereto *shall be stated in a separate count containing a demand for relief. . . .*

"(d)(1) If a transaction or occurrence gives rise to more than one cause of action against the same person, including causes of action in the alternative, they *shall be joined in separate counts in the action* against any such person. . . .

"(4.) Failure to join a cause of action as required by subdivision (d)(1) of this rule *shall be deemed a waiver of that cause of action* as against all parties to the action." (emphasis added). 42 Pa.C.S. §1020 (a)-(d)(1) and (4) (Pamphlet Supp. Purdon 1984).

Liberal construction of the Pennsylvania Rules of Civil Procedure does not entail a total disregard of the rules concerning pleadings. *Duquesne Light Co. v. U.S. Industrial Fabricators Inc.*, 334 Pa. Super 444, 448, 483 A.2d 534, 536 (1984). When the joinder of causes of action for trespass and assumpsit are sought, the causes of action must be in sepa-

rate counts, with each count clearly delineating its characterization as "trespass" or "assumpsit." Id. at 448-449, 483 A.2d at 536.

Defendant has failed to set forth his claim for breach of contract in a separately delineated count as required by the Pennsylvania Rule of Civil Procedure 1020.

The purpose of the reply is to close the pleadings. *Leonard v. Spear,* 28 Del. Co. Rep. 502, 503 (1959). The reply is to compel plaintiff to answer the affirmative defense contained in defendant's new matter. See *Louis v. Clark,* 227 Pa. Super 547, 323 A.2d 298, (1974).

In the present case, plaintiff's allegations of a breach of contract deviate beyond the intended purposes of a reply. Plaintiff's third amended complaint contains only claims based on the negligence of defendant. Defendants' new matter asserts the affirmative defense of a statute of limitations in response to plaintiff's negligence claims. Plaintiff may not reply to the new matter by arguing a new cause of action and statute of limitations. Setting up a new statute of limitations, for plaintiff's own benefit, in a reply in unresponsive to defendants' new matter and should be striken. See *Campbell v. Deardorff* 12 Adams L.J. 194, 51 D.&C.2d. 452 (1971).

The breach of contract claim should have been raised in an amendment to the complaint, in accordance with the proper procedure. Pennsylvania Rule of Civil Procedure 1033 provides:

"A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, correct the name of a party or amend his pleadings." Pa.R.Civ.P. 1033, 42 Pa.C.S. §1033 (Purdon 1947). Plaintiff has failed to obtain defendant's consent or leave of court to add the breach of contract action to the present action.

The court grants defendants' motion to strike the last sentence of paragraph 2 of plaintiff's reply to defendants' new matter.

## ORDER

And now, this December 18, 1987, it is hereby ordered that the following sentence of paragraph 2 of plaintiff's reply to defendants' new matter be and hereby is stricken:

"Further it is alleged that there may have been a breach of contract on the part of defendants and if so, the statute of limitations is six years."