J-A05004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| HORSHAM TOWNE ASSOCIATES | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JOHN HURLEY, T/A EDIBLES RESTAURANT AND PUB | |
| Appellant | No. 608 EDA 2015 |

Appeal from the Order February 23, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2014-04519

BEFORE:  OLSON, OTT, JJ. and STEVENS,* PJE.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 30, 2016**

Appellant, John Hurley, t/a Edibles Restaurant and Pub, appeals from the order entered on February 23, 2015, granting a motion for judgment on the pleadings filed by Horsham Towne Associates (Horsham) and dismissing Appellant's new matter and counterclaim with prejudice.  Because the order appealed from is interlocutory, we are constrained to quash the appeal.

The trial court briefly summarized this case as follows:

> On or about November 1, 2004, [Horsham] and Appellant entered into an agreement of lease whereby [Horsham] leased a property to Appellant in the Horsham Square Shopping Center.  On March 3, 2014, [Horsham] filed a complaint against Appellant which raised claims [of] breach of lease and [made a] demand for possession in conjunction with Appellant's alleged failure to make payments under the lease[.]  On March 24, 2014, Appellant filed preliminary objections, which [the trial court] overruled by order dated June 13, 2014.  On July 2, 2014, Appellant filed an answer,

_____

*Former Justice specially assigned to the Superior Court.

new matter and counterclaim to the complaint. Appellant's counterclaim[] raised claims of breach of lease and breach of the covenant of quiet enjoyment. On October 14, 2014, [Horsham] filed a motion for judgment on the pleadings and, on February 11, 2015, [the trial court] held oral argument on [Horsham's] motion. During oral argument, Appellant's counsel informed the court that his client no longer occupied the leasehold.

On February 23, 2015, [the trial] court entered an order which: (1) granted [Horsham's] motion for judgment on the pleadings with respect to Appellant's liability for breach of lease, (2) deemed [Horsham's] motion with respect to the demand for possession of the leasehold [] moot and (3) dismissed Appellant's new matter and counterclaim with prejudice. Further, [the trial] court deferred any decision related to damages and made it incumbent on the parties to inform the court when they were ready to proceed with a determination of the damage amount. Appellant filed a timely notice of appeal on March 3, 2015. [The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on March 27, 2015.]

Trial Court Opinion, 3/27/2015, at 1-2 (unnecessary capitalization omitted).

Pertinent to this appeal, in its Rule 1925(a) opinion, the trial court opines that the order appealed from is interlocutory, because it did not dispose of all of the issues, as the trial court has not yet awarded damages. *Id.* at 2-4. Thus, the trial court requests that the instant appeal be quashed. *Id.* at 5. For the reasons that follow, we agree.

On appeal, Appellant presents the following issues for our review:

1. Did the court below commit reversible error and abuse its discretion in granting judgment on the pleadings on the issue of liability of [Horsham] to [Appellant]?

2. Did the court below commit reversible error and abuse its discretion in granting judgment on the pleadings [] in

- 2 -

dismissing [Appellant's] new matter and counterclaim[] with prejudice?

3. Was the [trial] court's order granting judgment on the pleadings on [Horshaw's] complaint on liability, and on [Appellant's] new matter and counterclaim by dismissal with prejudice[,] appealable?

Appellant's Brief at 3 (unnecessary capitalism omitted).

Initially, prior to reaching the merits of any appeal, this Court must "first ascertain whether the order appealed from is properly appealable." *McGrogan v. First Commonwealth Bank*, 74 A.3d 1063, 1074 (Pa. Super. 2013) (citations omitted). Indeed, since the question of appealability implicates the jurisdiction of this Court, the issue may be raised *sua sponte. Id.* (citation, quotations and brackets omitted). Thus, we will address Appellant's third issue first.

Generally, this Court's jurisdiction "extends only to review of final orders.[1]" *Id.* (citations omitted). "A final order is any order that: (1) disposes of all claims and of all parties; or (2) is expressly defined as a final order by statute; or (3) is entered as a final order pursuant to subdivision (c) of this rule." Pa.R.A.P. 341(b). Here, however, Appellant does not contend that the order in question was statutorily defined as final or that the

---

[1] Our rules of appellate procedure also allow for the appeal of interlocutory appeals as of right, interlocutory orders by permission, collateral orders, and orders specifically deemed final by the trial court. *See* Pa.R.A.P. 311, 1311, 313, and 341(c). These rules are inapplicable in the case *sub judice* as Appellant claims "the [o]rder of [c]ourt granting [Horsham's] [m]otion for [j]udgment on the [p]leadings is a **final** appealable order." Appellant's Brief at 12 (emphasis supplied).

trial court certified the order as final under Pa.R.A.P. 341(c). Thus, we must determine whether the order at issue was final as defined under Rule 341(b)(1).

Our decision in **Swift v. Milner**, 442 A.2d 1144 (Pa. Super. 1982) is instructive. In that case, Swift filed a complaint against Milner for breach of an agreement to purchase properties, along with three other investors, at a tax sale. Milner filed an answer and new matter. Swift filed a motion for judgment on the pleadings. When Milner's attorney failed to file a response within the time allotted under the local rules in effect at the time, the trial court deemed Swift's motion unopposed. Thus, the trial court in **Swift** entered judgment in Swift's favor, "but ordered that a trial should be held limited to the question of the value of the real estate to determine the value of [Swift's] one-fifth interest." **Swift**, 442 at 1145. Examining similar law as it pertains to partial motions for summary judgment, the **Swift** court determined that an order determining liability, but not fixing damages is interlocutory and not appealable:

> We believe that the instant appeal is from an interlocutory order and that the postponement of appeal until after final judgment will not result in irreparable loss of the right asserted. Moreover, were we to consider the merits of the appeal at this juncture, and were we to affirm the action of the lower court, the case would go back [] for trial on the issue of damage which is a part of the order [at issue]. Following a determination of damages, the case could again come back to us on appeal. [...T]he reason for prohibiting appeals from interlocutory orders, such as the instant order, is to preclude piecemeal determinations and the consequent protraction of litigation.

- 4 -

*Swift*, at 1146.  The same applies here.

Appellant, however, argues that the dismissal of his counterclaim was a final decision and appealable pursuant to our decision in *Fidelity Bank v. Duden*, 521 A.2d 958 (Pa. Super. 1987) (*en banc*).  More specifically, *Fidelity Bank* held:

> An order summarily dismissing a counterclaim puts a party out of court on his or her counterclaim. Such an order, the Supreme Court has held, is final and appealable. […]If an order adjudicates an action finally, it is appealable. Conversely, if the order does not determine the action finally, it is interlocutory and generally nonappealable.

*Fidelity Bank*, 521 A.2d at 960.

However, as the trial court noted, Pa.R.A.P. 341 was amended effective July 16, 1992, after our Court rendered the *Fidelity Bank* decision. Trial Court Opinion, 3/27/2015, at 4 n.1.  "The 1992 amendment generally eliminates appeals as of right under Rule 341 from orders not ending the litigation as to all claims and as to all parties."   Pa.R.A.P. 341, note. "Formerly, there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court."  *Id.*  The note to Rule 341 further "includes a partial list of orders previously interpreted by the courts as appealable as final orders under Rule 341 that are no longer appealable as of right" which includes "an order dismissing a counterclaim but leaving pending the complaint which initiated the action[.]"  *Id.*  Here, Appellant does not challenge the trial court's reliance on Rule 341.  The order at issue

dismissed Appellant's counterclaim, but a decision on damages is still pending. Because all of the claims regarding all of the parties have not been resolved, the trial court's order entered on February 23, 2015 was interlocutory. Hence, we quash the appeal. Having determined we lack jurisdiction, we do not reach the merits of Appellant's remaining claims.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/30/2016