J-A19033-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THOMAS ROBINSON, JR. AND INGE G. THULIN | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMES A. GORDON AND JAG ASSOCIATES, LLC | : | No. 1953 EDA 2018 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered June 7, 2018
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  June Term, 2017 No. 02735

BEFORE:   PANELLA, P.J., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:               **FILED OCTOBER 21, 2019**

James A. Gordon and JAG Associates, LLC ("hereinafter Gordon")[1] files this *pro se* appeal from the order entered on June 7, 2018, dismissing Gordon's Third Amended Counterclaims and Cross-Claims against Appellees Thomas Robinson, Jr. and Inge G. Thulin with prejudice.  As the order appealed from is interlocutory, we must quash the appeal.

In 2012, Robinson entered into an oral agreement with Gordon, wherein Robinson agreed to pay Gordon to act as an administrative assistant and paralegal to Robinson's real estate business, Goldmine Properties, on an as-needed basis.  In 2016, the relationship between the parties became strained when Gordon allegedly mishandled a zoning matter, resulting in Robinson

---

[1] Gordon is the sole proprietor and operator of JAG Associates, LLC.

---

\*   Former Justice specially assigned to the Superior Court.

losing his zoning appeal for a particular property. Thereafter, Robinson terminated his oral agreement with Gordon on October 1, 2016.

On or about December 1, 2016, Gordon submitted an invoice to Robinson for administrative services performed between October 1, 2016 and December 1, 2016. Robinson responded in writing that he had terminated the parties' oral agreement on October 1, 2016 and asserted that Gordon had not provided any services to himself or Goldmine Properties after that date.

On or about December 30, 2016, Gordon sent a demand letter with ten invoices to Robinson for work performed after October 1, 2016. Gordon also sent the letter and invoices to Thulin, the CEO of Robinson's employer, 3M. Robinson reiterated that Gordon was not entitled to any further payment and claimed that his employer has no involvement with his real estate business.

On June 24, 2017, Robinson filed an action in the Philadelphia Court of Common Pleas against Gordon, raising claims of breach of contract, breach of the duty of good faith and fair dealing, unjust enrichment, defamation, slander, fraud, fraudulent misrepresentation, invasion of privacy, and tortious interference with contractual/business relations.[2] On July 19, 2017, Gordon filed an Answer with New Matter along with a Counterclaim to Robinson's Complaint and Cross-Claim against Thulin, which included, *inter alia*, a claim under the Unfair Trade Practices and Consumer Protection Law (UTPCPL).

---

[2] Gordon filed a *pro se* complaint in the municipal court, alleging that Robinson and Thulin were responsible for paying him for services rendered. The municipal court judge granted Robinson's request that it relinquish jurisdiction so that both matters could be consolidated in the court of common pleas.

Robinson and Thulin filed preliminary objections to Gordon's New Matter, Counterclaims, and Cross-Claims. On October 23, 2017, the trial court sustained Robinson's preliminary objections, struck Gordon's UTPCPL claim with prejudice, and indicated that Gordon could file amended counterclaims.[3]

On November 7, 2017, Gordon filed his first amended counterclaims that were similar to his original counterclaims. Robinson again filed preliminary objections, which the trial court sustained on January 22, 2018. The trial court again struck the UTPCPL counterclaim with prejudice.

On February 6, 2018, Gordon filed a second amended new matter and counterclaims that were similar to the original and first amended counterclaims. Robinson again filed preliminary objections, which the trial court sustained on April 5, 2018. The trial court again struck the UTPCPL counterclaim with prejudice. The trial court granted Gordon a third opportunity to amend the counterclaims but included the following directions:

> [Gordon shall attach] any written contracts upon which he relies that are actually between the parties, that specifically states which agreements are oral and which are written, that does not include a claim for violation of the unfair trade practices and consumer protection law, and that also corrects the other deficiencies raised by [Robinson] that have been sustained by this court. Failure to amend to address the preliminary objections will result in dismissal of complaint with prejudice.

Order, 4/5/18, at 1.

---

[3] On October 17, 2017, the trial court sustained the preliminary objections of Thulin. Gordon appealed this order. On September 26, 2018, this Court filed a *per curiam* order quashing that appeal, as it was not taken from a final order.

On April 16, 2018, Gordon filed his third amended counterclaims, which were again similar to his previous counterclaims. On June 7, 2018, the trial court sustained Robinson's preliminary objections and dismissed Gordon's third amended counterclaims with prejudice. This appeal followed.

Before reaching the merits of the appeal, we must first determine whether the order appealed from is appealable. "[S]ince we lack jurisdiction over an unappealable order, it is incumbent on us to determine, *sua sponte* when necessary, whether the appeal is taken from an appealable order." ***Kulp v. Hrivnak***, 765 A.2d 796, 798 (Pa.Super. 2000) (citation omitted).

> It is well-established that an appeal may properly lie from "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 42 Pa.C.S. § 702(b)); or (4) a collateral order (Pa.R.A.P. 313)."

***In re Estate of McAleer***, 194 A.3d 587, 592 (Pa.Super. 2018).

In this case, the trial court filed an opinion requesting that this appeal be quashed as Gordon failed to appeal from a final order. We recognize that:

> [g]enerally, this Court's jurisdiction "extends only to review of final orders." ***Rae v. Pa. Funeral Dir's Ass'n***, 602 Pa. 65, 977 A.2d 1121, 1124–1125 (2009); 42 Pa.C.S.A. § 742; Pa.R.A.P. 341(a). A final order is defined as any order that: "(1) disposes of all claims and of all parties; [ ](2) is explicitly defined as a final order by statute; or (3) is entered as a final order pursuant to [Pennsylvania Rule of Appellate Procedure 341(c)]." Pa.R.A.P. 341(b).

***McGrogan v. First Cmwlth. Bank***, 74 A.3d 1063, 1075 (Pa.Super. 2013).

Gordon appeals the trial court's dismissal of his counterclaims with prejudice. Rule 341, which defines final orders, was amended in 1992 to

"generally eliminate[] appeals as of right … from orders not ending the litigation as to all claims and as to all parties." Pa.R.A.P. 341, note.[4] The note to Rule 341 "includes a partial list of orders previously interpreted by the courts as appealable as final orders under Rule 341 that are no longer appealable as of right" which includes "an order dismissing a counterclaim but leaving pending the complaint which initiated the action[.]" *Id.*

We agree with the trial court's finding that Gordon's appeal should be quashed under Rule 341. While the challenged order dismissed Gordon's counterclaim, the complaint that initiated the main action is still pending. As the trial court's order did not dispose of all claims and parties in this case, the trial court's order entered on June 7, 2018, was not a final order.

In addition, we find that the trial court's order is also not appealable as an interlocutory order as of right under Rule Pa.R.A.P. 311 and Gordon did not seek permission to file an appeal of the interlocutory order under Pa.R.A.P. 312. Moreover, Gordon makes no attempt to argue that he has appealed a collateral order, which is "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313.

---

[4] The note to Rule 341 recognizes that, prior to its 1992 amendment, "there was case law that orders not ending the litigation as to all claims and all parties are final orders if such orders have the practical consequence of putting a litigant out of court." *Id.* **See Fidelity Bank v Duden**, 521 A.2d 958, 960 (Pa.Super. 1987).

Gordon's right to appeal the dismissal of his counterclaims will not be irreparably lost if review is postponed until the resolution of the main action.

Based on the foregoing reasons, we conclude that we lack jurisdiction over the appeal and decline to review the merits of Gordon's remaining claims on appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/21/19</u>